```
1  MARK S. COON, City Attorney
   California Bar No. 128122
2  MARGARET KOTZEBUE, Sr. Assistant City Attorney
   California Bar No. 148592
3  SUSANNE MEYER BROWN, Assistant City Attorney
   California Bar No. 191209
4  Concord City Attorney's Office
   1950 Parkside Drive M/S 08
5  Concord, CA 94519
   (925) 671-3160
6  (925) 671-3469 (fax)

7  Attorneys for Defendants City of Concord,
   David Livingston, Murtazah Ghaznawi (erroneously named
8  as Ghulam Ghaznawi), Aaron Smith, Kevin Bollinger and
   Carl Cruz (erroneously named as Corporal Cruz)
9
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD ANDREW TARANTINO, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CONCORD; DAVID LIVINGSTON, individually and in his official capacity as CHIEF OF POLICE for CITY OF CONCORD; GHULAM GHAZNAWI, individually and in his official capacity as a police officer; AARON SMITH, individually and in his official capacity as a police officer; KEVIN BOLLINGER, individually and in his official capacity as a police officer; Corporal CRUZ, individually and in his official capacity as a police officer; and DOES 1 – 40, inclusive,<br><br>Defendants. | Case No. C12-00579 (JCS)<br><br>**UPDATED CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:     December 14, 2012<br>Time:    9:30 p.m.<br>Court:   Courtroom G, 15th Floor<br>Judge:   **Magistrate Judge Joseph C. Spero** |

Defendants City of Concord, David Livingston, Murtazah Ghaznawi (erroneously named as Ghulam Ghaznawi), Aaron Smith, Kevin Bollinger and Carl Cruz hereby submit this separate UPDATED CASE MANAGEMENT STATEMENT. As, Plaintiff appears *pro se* in this action, Defendants have submitted a Separate CASE MANAGEMENT STATEMENT.

1. **Jurisdiction and Service.**

Plaintiff contends that this court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §1983, 28 U.S.C. §§2201, 2002, and 28 U.S.C. §1367. Defendants do not dispute that the court has jurisdiction of this case.

All parties have been served and Defendants have filed an answer to the complaint.

2. **Facts.**

   A. **Plaintiff's contentions**.

As asserted in his complaint, Plaintiff contends that his case arises out of the February 6, 2008 unlawful detention, assault and battery, arrest of himself by Concord Police Officers Ghaznawi, Smith and Bollinger. Plaintiff contends on this date he was lawfully driving his 1993 Ford Bronco when he was stopped by Officer Ghaznawi without a warrant or probable cause for the stop. Plaintiff contends that he is not legally required to display license plates on his vehicle nor is he required to possess a California's State Driver's License as he does not drive his vehicle in a commercial capacity.

Plaintiff refused to exit his vehicle after being instructed to do so by the officers; Plaintiff contends that he was fearful for his personal safety at the time. Plaintiff contends that Officer Smith then broke the window of his vehicle with his baton, which caused him to exit his vehicle. Plaintiff alleges that he raised his arms in a defensive manner to avoid being hit by a baton and that the officers yelled at him to raise his arms and get on the ground. Plaintiff alleges that he was paralyzed and too afraid to move. Plaintiff states at this time he was tased twice by the officers. When he fell to the ground, Plaintiff contends that he sustained repeated body blows from the officers, which caused him physical injury. Plaintiff contends that the officers were also verbally abusive and accused him of being under the influence of drugs and/or alcohol.

Plaintiff contends that he was taken to the hospital, and subsequently arrested and released at the Concord jail. He also contends that his vehicle was unlawfully towed and his cell phone unlawfully taken from his possession.

Plaintiff was tried and convicted in criminal court but contends that he did not receive a fair trial. He appealed the criminal judgment while incarcerated but alleges his appeal was not successful

due the incompetence of his attorney.

B. **Defendants' Contentions.**

This claim arises out of a February 6, 2008 traffic stop, in which Plaintiff was stopped by Concord Police Officer Ghaznawi for failure to properly display a license plate on his vehicle.

After he was stopped, Plaintiff refused to cooperate with Officer Ghaznawi and refused to exit his vehicle or roll down his window. When Plaintiff began to reach into his console and pulled out a bag, Officer Ghaznawi began to be fearful for his personal safety. Officer Ghaznawi ordered Plaintiff to exit the vehicle, which Plaintiff refused to do. Officer Ghaznawi then instructed Officer Smith, who had arrived with Officer Bollinger as backup, to break the vehicle's window if Plaintiff reached again in between the driver's seat and passenger's seat. Officer Ghaznawi also told Plaintiff to show his hands to the officer; Plaintiff refused to do so and instead began screaming obscenities and said something similar to "I'm going to get you!" Officer Smith subsequently broke the window with his baton and Officer Ghaznawi reached in and opened the door.

Plaintiff then pulled at Officer Smith's arm and swung a closed fist towards Officer Smith's head. Plaintiff exited the vehicle, clenched his fists and raised them to shoulder level, and positioned his feet in a fighting stance. Officer Ghaznawi pulled out his Taser and shot at Plaintiff's center mass of body when it appeared that Plaintiff was moving towards Officer Smith to attack him. Two darts from the Taser stuck to Plaintiff's body and he fell on his left knee. Officer Ghaznawi then ordered Plaintiff to lie down on the ground, which he refused. Officer Ghaznawi waited 5 seconds and then shot his Taser again. Plaintiff still refused to lie down. Officers Smith and Bollinger then grabbed Plaintiff's arms and placed him on his stomach. Officer Smith also applied two distraction blows to Plaintiff's lower back. During his struggle with Officers Smith and Bollinger, Plaintiff hit his head on the ground and an area above his left eye began to bleed. Tarantino was subsequently transported to John Muir Medical campus and arrested by Officer Ghaznawi. When he was medically released, Officer Ghaznawi transported him to County jail for violations of Penal Code Sections 243(b) and 148(a) (1).

As a result of his arrest on February 6, 2008, Plaintiff was subsequently tried and convicted by a jury on April 16, 2009 for violations of Penal Code Sections 240/241(c) "assault against a peace

officer," 148(a) (1) "resisting arrest," and Vehicle Code Section 14601.1(a) "driving without a license." Although Plaintiff filed an appeal, the criminal conviction was not overturned.

### 3. Legal Issues.

#### A. According to Plaintiff:

1. Whether Defendants' conduct violated Plaintiff's right under the 4th Amendment to be free from unreasonable seizures. (42 U.S.C. §1983).

2. Whether Defendants' conduct was without probable cause and violated Plaintiff's right under the 4th Amendment to be free from unlawful seizure (detention). (42 U.S.C. §1983).

3. Whether Defendants' conduct was without probable cause and violated Plaintiff's right under the 4th Amendment to be free from unlawful seizure (arrest). (42 U.S.C. §1983).

4. Whether Defendants' conduct violated Plaintiff's right as provided under the 4th Amendment to be free from excessive force against him. (42 U.S.C. §1983).

5. Whether Defendants' conduct, under color of law, deprived Plaintiff of immediate necessary medical care in violation of his rights under the due process clause of the 14th Amendment. (42 U.S.C. §1983).

6. Whether Defendants conspired to violate Plaintiff's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force. (42 U.S.C. §1983).

7. Whether Defendants' conduct, under color of law, caused injury to Plaintiff by subjecting Plaintiff to excessive force thereby depriving Plaintiff of the right to be free from unreasonable searches and seizures as guaranteed by the 4th and 14th Amendments; the right not to be deprived of life or liberty without due process of law as guaranteed by the 4th, 5th, and 14th Amendments; and the right to be free from interference within the zone of privacy as protected by the 4th and 9th Amendments. (42 U.S.C. §1983).

8. Whether high ranking Concord officials, including defendant David Livingston approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct, civil rights violations and violation of Plaintiff's Constitutional rights as guaranteed by the 4th, 5th, and 14th Amendments, the right to equal protection of the laws as guaranteed by the 14th Amendment, and the right to be free from interference within the zone of

privacy as protected by the 14th and 9th Amendments by defendant officers. (Monell, 42 U.S.C. §1983.)

9. Whether Defendants' conduct was extreme, unreasonable and outrageous, and caused Plaintiff to suffer extreme emotional distress.

10. Whether Defendants' conduct constituted assault and battery against Plaintiff.

**B. According to Defendants:**

1. Whether Plaintiff's complaint is barred by the two (2) year state statute of limitations under California Code of Civil Procedure Section 335.1. Plaintiff was arrested on February 6, 2008 and convicted on April 16, 2009. The instant complaint was not filed until February 6, 2012, which was four (4) years after his arrest and almost three (3) years after his conviction.

2. Whether Plaintiff's claims based upon a state cause of action (assault and battery, emotional distress and conspiracy) are time barred as Plaintiff failed to bring the action within six (6) months of the denial of his claim (Cal. Government Code Section 945.6).

3. Whether Plaintiff's causes of action based upon alleged violations of 42 U.S.C. §1983 are barred under Heck v. Humphrey, (1994) 512 U.S. 477, due to the fact that Plaintiff's conviction of arrest has not been overturned on appeal.

4. Whether Officer Ghuznawi had probable cause to believe that Plaintiff had committed a traffic violation, justifying his subsequent detention. (Delaware v. Prouse (1979) 440 U.S. 648, 659).

5. Whether defendant officers lawfully ordered Plaintiff to step out of his vehicle during the course of the traffic stop in question. (Pennsylvania v. Mimms (1977) 434 U.S. 106, 111).

6. Whether the detention and subsequent arrest of Plaintiff violated Plaintiff's 4th Amendment rights. (Carroll v. U.S. (1925) 267 U.S. 132; Muehler v. Mena (2005) 544 U.S. 93; Atwater v. Lago Vista (2001) 532 U.S. 318, 354).

7. Whether the use of force used by any defendant in the subject arrest was objectively reasonable under the 4th Amendment. (Graham v. Connor (1989) 490 U.S. 386, 397.)

8. Whether the City of Concord can be held liable under 42 U.S.C. §1983 for the alleged conduct of the individual police officers. (Monell v. Department of Social Services of New York

(1978) 436 U.S. 658; Oklahoma City v. Tuttle (1985) 471 U.S. 808, 823; Trevino v. Gates (9th Cir. 1996) 99 F.3d 911, 918.)

9. Whether the individual defendant police officers are entitled to qualified immunity. (Anderson v. Creighton (1990) 483 U.S. 635, 638; Saucier v. Katz (2001) 533 U.S. 194; Pearson v. Callahan (2009) 129 S. Court 808.)

**4. Motions.**

Plaintiff has indicated he intends on filing for a motion for leave to file an amended complaint pursuant to FRCP 15(2). He has also indicated to the Court at both the September 14, 2012 and November 9, 2012 Case Management Conferences that he was seeking to obtain legal counsel in this case. As of the current date, Defendants have not received any notification that plaintiff has retained an attorney.

Defendants intend on filing a motion for summary judgment on the issue of liability against the individual Defendants, based upon but not limited to the statute of limitations issues, qualified immunity, and the rationale that the Section 1983 cause of action is barred by the Heck v. Humphrey ruling. Defendants may also file motion to bifurcate the Monell claim pending the ruling on the motion for summary judgment on the underlying liability issues.

Defendants shall also seek to exclude plaintiff's evidence on any motions, at a hearing or at trial based upon the fact that plaintiff has failed to comply with the Court order to disclose evidence in compliance with Rule 26. (See Hoffman v. Construction Protective Services, Inc. (9th Cir. 2008) 541 F3d 117, 1179).

**5. Amendment of Pleadings.**

Plaintiff has indicated he may wish to file an amended complaint after retention of counsel. Defendants do not anticipate any amendments to the pleadings.

**6. Evidence Preservation.**

Plaintiff claims he has taken all steps necessary to preserve evidence related to the issues. Defendants have preserved all police records that were still in existence at the time of service of the subject complaint, which occurred in 2012. It should be noted that pursuant to Concord Police Department policy, dispatch tapes typically are retained for six (6) months after which they are taped

over and re-used. Consistent with this policy, the dispatch tapes for the February 6, 2008 arrest are no longer available.

**7.   Disclosures.**

In compliance with the Court's Order issued at the November 9, 2012 Case Management Conference, Defendants submitted its Rule 26 disclosure to plaintiff on November 16, 2012. As of the current date, Defendants have not received any disclosure document from plaintiff.

**8.   Discovery.**

No discovery has been propounded by either party. In Plaintiff's previous CASE MANAGEMENT STATEMENT, Plaintiff indicated he would seek to expand the number of interrogatories from 25 to 50; seek any and all City police general orders and training bulletins in effect on February 6, 2008 relating to the supervision and discipline of Concord police officers, the assignment of officers, making detentions/arrests; using force, using deadly force, providing medical care to injured persons, training related to federal law, specifically U.S.C. 18, §31 and U.S.C. 49, state codes, U.S. Supreme Court rulings related to "Right to Travel." Plaintiff indicated he also will seek production of the police investigation files containing the subject incident, including any police internal affairs records, and production of Defendants' personnel records, including but not limited to pre-employment background checks, applications, tests and citizen complaints alleging excessive force, verbal threats, unlawful detention/arrest and fabrication of police records, training records concerning, making detention/arrests, the use of force, deadly force and nonlethal weapons (such as taser, baton, chemical spray).

Defendants anticipate taking Plaintiff's deposition, propounding interrogatories and a request for production of documents in anticipation of filing a motion for summary judgment.

As plaintiff has failed to comply with the Court's order to disclose documents by November 16, 2012, defendants will seek to exclude plaintiff's evidence per FRCP 37.

**9.   Class Actions.**

This is not a class action filing.

**10.   Related Cases.**

There are no related cases.

**11. Relief.**

Plaintiff prays for general damages in the amount of $2.5 million, special damages, punitive damages and attorneys' fees. Plaintiff is also seeking injunctive relief.

**12. Settlement and ADR.**

Plaintiff believes this case may benefit from a referral to alternative dispute resolution. Plaintiff feels that a referral to mediation is appropriate after discovery has commenced but prior to the disclosure of expert witnesses.

Defendants do not believe that settlement or ADR is appropriate in this case as the statute of limitations and the Heck v. Humphrey ruling are dispositive in this case.

**13. Consent to Magistrate Judge For All Purposes.**

This case has been assigned to Honorable Joseph C. Spero pursuant to the consent of both parties.

**14. Other References**

Not applicable.

**15. Narrowing of Issues.**

Defendants contend that the issues will be significantly narrowed or the entire complaint dismissed as a whole based upon its pre-trial motions.

**16. Expedited Trial Procedure.**

Not applicable.

**17. Scheduling.**

The parties anticipate engaging in a discovery plan, which would include the depositions of Plaintiff, the Defendant officers, and written discovery.

**18. Trial.**

Plaintiff feels that the length of trial by jury will be approximately 5-7 days. In the event Defendants' pre-trial motions are unsuccessful in dismissing the case, Defendants anticipate that trial should last 4-5 days.

19. **Disclosure of Non-party Interested Entities or Persons.**

Not applicable.

20. **Other**

Not applicable.

Dated: December 7, 2012

                      MARK S. COON
                      City Attorney

By: *Margaret Kotzebue*
      MARGARET KOTZEBUE
      Senior Assistant City Attorney
      Attorneys for Defendant City of Concord, David Livingston, Murtazah Ghaznawi, Aaron Smith, Kevin Bollinger and Carl Cruz

**CASE MANAGEMENT ORDER**

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
HONORABLE JOSPEH C. SPERO
UNITED STATES DISTRICT JUDGE