Exhibit I

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA
## WALNUT CREEK

| THE PEOPLE OF THE STATE OF CALIFORNIA, | ) ) ) | **DEPARTMENT TWENTY-SIX** |
|---|---|---|
| **vs.** | ) ) ) | **CASE NO.  01-138389-2** |
| | ) ) | **VERDICT OF THE JURY** |
| **RICHARD TARANTINO,** **DEFENDANT** | ) ) ) ) | **COUNT ONE** |

We, the jury in this case, find the Defendant, Richard Tarantino,

____GUILTY____ of the crime of Assault on Peace Officer, a misdemeanor,

(Not Guilty / Guilty)

to wit:  a violation of Penal Code  Section 240/241 (c) as set forth in Count One of the

Complaint.

This document is a correct copy
of the original on file in this office.

ATTEST

FEB 2 1 2013

C. TORRA CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____
Deputy Clerk.

Date

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA
WALNUT CREEK

THE PEOPLE OF THE STATE OF )
CALIFORNIA, )
)  DEPARTMENT TWENTY-SIX
)
)  CASE NO.   01-138389-2
vs. )
)
)  **VERDICT OF THE JURY**
)
RICHARD TARANTINO, )  COUNT TWO
              DEFENDANT )

We, the jury in this case, find the Defendant, Richard Tarantino,

_____GUILTY_____ of the crime of Resist, Obstruct, or Delay Peace Officer,
(Not Guilty / Guilty)

a misdemeanor, to wit:  a violation of Penal Code  Section 148(a)(1) as set

forth in Count Two of the Complaint.

Dated: _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA
WALNUT CREEK

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

vs.

**RICHARD TARANTINO,
                     DEFENDANT**

)
)
)
)
)
)
)
)
)
)
)

**DEPARTMENT TWENTY-SIX**

**CASE NO.   01-138389-2**

**VERDICT OF THE JURY**

**COUNT THREE**

     We, the jury in this case, find the Defendant, Richard Tarantino,

_GUILTY_ of the crime of Driving When Privilege Suspended or Revoked,
(Not Guilty / Guilty)

a misdemeanor to wit:  a violation of Vehicle Code Section 14601.1(a) as

set forth in Count Three of the Complaint.

Dated: ___

# JURY INSTRUCTIONS GIVEN
# TO DELIBERATING JURY

## PEOPLE VS. RICHARD TARANTINO

## CASE # 01-139389-2

### HONORABLE HARLAN G. GROSSMAN
### DEPARTMENT 26
### CONTRA COSTA COUNTY SUPERIOR COURT
### WALNUT CREEK

**2220**

The defendant is charged in Count 3 with driving while his driving privilege was suspended in violation of 14601.1(a) VC.

To prove that the defendant is guilty of this crime, the People must prove that:

    1. The defendant drove a motor vehicle while his driving privilege was suspended;

    AND

    2. When the defendant drove, he knew that his driving privilege was suspended.

If the People prove beyond a reasonable doubt that a court informed the defendant that his driving privilege had been suspended, you may but are not required to conclude that the defendant knew that his driving privilege was suspended.

A motor vehicle includes a passenger vehicle.

Judicial Council of California Jury Instructions

2656   *PAGE 1*

The defendant is charged in Count 2 with resisting, or obstructing, or delaying a peace officer in the performance or attempted performance of his duties in violation of Penal Code section 148(a)(1).

To prove that the defendant is guilty of this crime, the People must prove that:

     1. Murtazah Ghaznawi and/or Aaron Smith was a peace officer lawfully performing or attempting to perform his duties as a peace officer;

     2. The defendant willfully resisted, or obstructed, or delayed Murtazah Ghaznawi and/or Aaron Smith in the performance or attempted performance of those duties;

     AND

     3. When the defendant acted, he knew, or reasonably should have known, that Murtazah Ghaznawi and/or Aaron Smith, was a peace officer performing or attempting to perform his duties.

Someone commits an act willfully when he does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else, or gain any advantage.

A person who is employed as a police officer, to include employment as a reserve police officer, by the Concord Police Department is a peace officer.

The duties of a police officer include arresting or attempting to arrest or detaining or attempting to detain a person for a misdemeanor offense commited in the police officer's presence.

A peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using unreasonable or excessive force in his duties. Instruction 2670 explains when an arrest or detention is unlawful/ and when force is unreasonable or excessive.

The People allege that the defendant resisted, or obstructed, or delayed Murtazah Ghaznawi and/or Aaron Smith by doing the following:

    a. Presenting a ID card bearing the title "Diplomatic Agent";

    b. Failing to present identification or proof of insurance and registration;

    c. Turning the ignition on during the contact;

Judicial Council of California Jury Instructions

2656 PAGE 2

d. Failing to comply with the officers' request to show his hands.

You may not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of the alleged acts of resisting, or obstructing, or delaying a peace officer who was lawfully performing his duties, and you all agree on which act he committed.

2670 *POGE 1*

The People have the burden of proving beyond a reasonable doubt that Murtazah Ghaznawi and/or Aaron Smith was lawfully performing his duties as a peace officer. If the People have not met this burden, you must find the defendant not guilty of 240/241(c) PC assault on a peace officer and/or 148(a)(1) PC resisting, obstructing, or delaying a peace officer as charged in Counts 1 and 2, respectively.

A peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining someone or using unreasonable or excessive force when making or attempting to make an otherwise lawful arrest or detention.

A peace officer may legally detain someone if the person consents to the detention or if:

     1. Specific facts known or apparent to the officer lead him to suspect that the person to be detained has been, is, or is about to be involved in activity relating to crime;

     AND

     2. A reasonable officer who knew the same facts would have the same suspicion. Any other detention is unlawful.

In deciding whether the detention was lawful, consider evidence of the officer's training and experience and all the circumstances known by the officer when he detained the person.

A peace officer may legally arrest someone if he has probable cause to make the arrest. Any other arrest is unlawful.

Probable cause exists when the facts known to the arresting officer at the time of the arrest would persuade someone of reasonable caution that the person to be arrested has committed a crime.

In deciding whether the arrest was lawful, consider evidence of the officer's training and experience and all the circumstances known by the officer when he arrested the person.

In order for an officer to lawfully arrest someone without a warrant for a misdemeanor or infraction, the officer must have probable cause to believe that the person to be arrested committed

Judicial Council of California Jury Instructions

2670 Page 2

a misdemeanor or infraction in the officer's presence.

Driving on a suspended licence in violation of 14601.1(a) VC is a misdemeanor.

The officer must tell that person that the officer intends to arrest him, why the arrest is being made, and the authority for the arrest. The officer does not have to tell the arrested person these things if the officer has probable cause to believe that the person is committing or attempting to commit a crime, is fleeing immediately after having committed a crime, or has escaped from custody. The officer must also tell the arrested person the offense for which he is being arrested if he asks for that information.

Special rules control the use of force.

A peace officer may use reasonable force to arrest or detain someone, to prevent escape, to overcome resistance, or in self-defense.

If a person knows, or reasonably should know, that a peace officer is arresting or detaining him, the person must not use force or any weapon to resist an officer's use of reasonable force. However, you may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the defendant knew or reasonably should have known that the officer was arresting him.

If a peace officer uses unreasonable or excessive force while arresting or attempting to arrest/ or detaining or attempting to detain a person, that person may lawfully use reasonable force to defend himself.

A person being arrested uses reasonable force when he: (1) uses that degree of force that he actually believes is reasonably necessary to protect himself from the officer's use of unreasonable or excessive force; and (2) uses no more force than a reasonable person in the same situation would believe is necessary for his protection.

Judicial Council of California Jury Instructions

2672

The defendant is not guilty of the crimes of assault against a peace officer, 240/241(c) PC, or resisting, obstructing or delaying a peace officer, 148(a)(1) PC as charged in Counts One and Two, respectively, if the officer was not lawfully performing his duties because he was unlawfully arresting someone.

Also, if the officer used unreasonable or excessive force, and the defendant used only reasonable force in self-defense, then the defendant is not guilty of the crime of assault against a peace officer, 240/241(c) PC, as charged in Count One.

Further, if the officer used unreasonable or excessive force and the defendant used only reasonable force in self-defense, then the defendant may not be found guilty of resisting, obstructing, or delaying a peace officer as to any act, or omission coming after the officer's use of unreasonable or excessive force.

The People have the burden of proving beyond a reasonable doubt that the officer was lawfully performing his  duties. If the People have not met this burden, you must find the defendant not guilty of the crimes of assault against a peace officer, 240/241(c) PC and resisting, obstructing or delaying a peace officer, 148(a)(1) PC, as charged in Counts One and Two, respectively.

3470  *PAGE 1*

Self-defense is a defense to the crimes of: Assault on a Peace Officer, 240/241(c) PC, and Resisting, Obstructing, or Delaying a Peace Officer, 148(a)(1) PC, as charged in Counts One and Two, respectively.  A person may exercise self defense in response to the use of excessive or unreasonable force by law enforcement officers detaining or attempting to detain or arresting or attempting to arrest that person. The defendant is not guilty of the above crimes  if he used force as described below against a detaining and/or arresting officer in lawful self-defense.

The defendant acted in lawful self-defense if:

1. The defendant reasonably believed that he was in imminent danger of suffering bodily injury or was in imminent danger of being touched unlawfully;

2. The defendant reasonably believed that the immediate use of force was necessary to defend against that danger;

AND

3. The defendant used no more force than was reasonably necessary to defend against that danger.

Belief in future harm is not sufficient, no matter how great or how likely the harm is believed to be. The defendant must have believed there was imminent danger of violence to himself. Defendant's belief must have been reasonable and he must have acted because of that belief. The defendant is only entitled to use that amount of force that a reasonable person would believe is necessary in the same situation. If the defendant used more force than was reasonable, the defendant did not act in lawful self-defense.

When deciding whether the defendant's beliefs were reasonable, consider all the circumstances as they were known to and appeared to the defendant and consider what a reasonable person in a similar situation with similar knowledge would have believed. If the defendant's beliefs were reasonable, the danger does not need to have actually existed.

The defendant's belief that he was threatened may be reasonable even if he relied on information

Judicial Council of California Jury Instructions

3470 PAGE 2

that was not true. However, the defendant must actually and reasonably have believed that the information was true.

A defendant is not required to retreat. He is entitled to stand his ground and defend himself and, if reasonably necessary, to pursue an assailant until the danger of bodily injury has passed. This is so even if safety could have been achieved by retreating.

The People have the burden of proving beyond a reasonable doubt that the defendant did not act in lawful self-defense. If the People have not met this burden, you must find the defendant not guilty of the crimes of:  Assault on a Peace Officer, 240/241(c) PC, and Resisting, Obstructing, or Delaying a Peace Officer, 148 (a)(1) PC, as charged in Counts One and Two, respectively.

Judicial Council of California Jury Instructions

225

As to the crimes of Assault on a Peace Officer, 240/241(c) PC, and Resisting Obstructing, or Delaying a Peace Officer, 148(a)(1) PC, and Driving on a Suspended License, 14601.1(a) VC as charged in Counts One, Two and Three, respectively, the People must prove not only that the defendant did the acts charged, but also that he acted with a particular mental state. The instruction for each of these crimes explains the mental state required.

A mental state may be proved by circumstantial evidence.

Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt.

Also, before you may rely on circumstantial evidence to conclude that the defendant had the required mental state, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant had the required mental state. If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions supports a finding that the defendant did have the required mental state and another reasonable conclusion supports a finding that the defendant did not, you must conclude that the required mental state was not proved by the circumstantial evidence. However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

**3515**

Each of the counts charged in this case is a separate crime. You must consider each count separately and return a separate verdict for each one.

Judicial Council of California Jury Instructions

## 17.01

The defendant is accused of having committed the crimes of Assault on a Peace Officer, 240/241(c) PC, and Resisting, Obstructing, or Delaying a Peace Officer, 148 (a)(1) PC, as charged in Counts One and Two, respectively. The prosecution has introduced evidence for the purpose of showing that there is more than one act or omission upon which a conviction on Counts One and Two may be based. Defendant may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of the acts or omissions. However, in order to return a verdict of guilty to any of the crimes charged in Counts One and/or Two, all jurors must agree that he committed the same act or omission or acts or omissions. It is not necessary that the particular act or omission agreed upon be stated in your verdict.

## SUPERIOR COURT OF CALIFORNIA
## IN AND OF THE COUNTY OF CONTRA COSTA
## WALNUT CREEK

**HONORABLE HARLAN G. GROSSMAN**
**JUDGE OF DEPARTMENT TWENTY-SIX**

Date: April 7, 2009
Clerk: Jocelyn Lem/Janell Hunter
Reporter: Bonnie Byrnes,
C.S.R. 6020

**Warren E. Rupf, Sheriff**

Bailiff: J. Learn

| | |
|---|---|
| THE PEOPLE OF THE ) | **ACTION NO. 01-138389-2** |
| STATE OF CALIFORNIA, ) | |
|     By Jordan Sanders, ) | |
|     Office of District Attorney ) | |
| v. ) | |
| **RICHARD TARANTINO,** ) | |
|     Defendant ) | |
|     By Lisette Rivera/Jack Funk, ) | |
| Office of the Public Defender ) | **MINUTE ORDER** |
|                     / | |

**NATURE OF PROCEEDINGS:    JURY TRIAL - DAY ONE**

This matter, having been assigned to this department from Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

Counsel for the People, Deputy District Attorney Jordan Sanders is present. Counsel for the defendant, Deputy Public Defender Lisette Rivera is present. The defendant is present and is out of custody.

*People's Proposed Jury Instructions* (CalJic and CalCrim), *Requested Rulings in Limine* and *Proposed Witness List* are filed with the Court.

10:25 a.m.  Court and Counsel discuss motions in limine.
11:04 a.m.  Court is in recess.

11:25.a.m.  The prospective jurors are present and the first eighteen jurors are seated in the jury box and first row.

DAY ONE
PEOPLE VS.TARANTINO

CASE # 01-1383892

11:28 a.m.  All parties are present and the prospective jurors are present.  The prospective jurors are given the "oath to the jury panel".  Both Counsel introduce themselves and the Defendant.

11:40 a.m.  The Court addresses the prospective jurors' requests for deferment due to hardship.

11:49 a.m.  The Court admonishes and excuses the prospective jurors (35) who are not requesting deferment due to hardship.  They are ordered to return at 1:30 p.m.

11:50 a.m.  The Parties are present.  The prospective jurors who are requesting deferment due to hardship are present.

11:55 a.m.  Prospective Juror #5, #11, #28, #33 and #26 are excused for the lunch recess.

12:00 noon Prospective Juror #8, #13, #25, #35, #38, #41 and #46 are excused due to hardship and their jury service is deferred.

1:29 p.m. All parties are present outside the presence of the Jury and Court and Counsel discuss jury instructions, charges, motions in limine and witness lists.

1:44 p.m. All prospective jurors are present except Juror #22. The Court begins jury voir dire as a group.

1:48 p.m. Court issues an Order to Show Cause for Juror #22 for failure to return from noon recess.   Court resumes jury voir dire as a group.

2:11 p.m. Court reads list of witnesses and resumes jury voir dire as a group.

2:28 p.m.  Court begins individual jury voir dire.

2:54 p.m.  Court excuses Juror #9 for cause and resumes individual jury voir dire.

2:58 p.m.  Court excuses Juror #15 for cause and resumes individual jury voir dire.

3:14 p.m. The Court admonishes and excuses the prospective jurors for afternoon break and are ordered to return at 3:30 p.m.

3:32 p.m.  All parties are present and the prospective jurors are present and Court resumes individual voir dire.

DAY ONE
PEOPLE  VS.TARANTINO

CASE # 01-1383892

3:52 p.m. The Court excuses Juror #21 for cause and resumes individual jury voir dire.

3:54 p.m. The Court excuses Juror #20 for cause and resumes individual jury voir dire.

4:10 p.m. The Court admonishes and excuses all prospective jurors (33) for the evening and orders their return tomorrow at 9:00 a.m.  The Court requests prospective jurors #28 and #33 to remain.

4:11 p.m. All Parties are present outside the presence of the Jury, except prospective jurors #28 and #33, to discuss reason for cause.

4:12 p.m.  The Court excuses prospective Jurors #28 and #33 for cause.

4:13 p.m. All parties present outside the presence of the Jury.  Court and Counsel discuss the issue of defense counsel not being prepared to proceed with trial and Defense Counsel's non-participation in jury voir dire.

The  Court requests Three (3) page document regarding *Defense Counsel Refusing to Participate in Trial*  be filed in open court.

4:30 p.m.  Counsel and Defendant ordered to return tomorrow at 8:40 a.m.  Defense Counsel ordered to appear with supervisor if not participating in voir dire.

4:30 p.m. Court is adjourned.

**CLERK OF THE COURT**

**Jocelyn Lem, Deputy Clerk**

**Janell Hunter, Deputy Clerk**

**MINUTE ORDER**

**SUPERIOR COURT OF CALIFORNIA**
**IN AND OF THE COUNTY OF CONTRA COSTA**
**WALNUT CREEK**

---

**HONORABLE HARLAN G. GROSSMAN**          Date:  April 8, 2009
**JUDGE OF DEPARTMENT TWENTY-SIX**        Clerk:  J. Hunter/J. Lem
                                          Reporter:  Bonnie Byrnes,
                                          C.S.R.  6090
**Warren E. Rupf, Sheriff**               Bailiff:  J. Learn

---

| | | |
|---|---|---|
| **THE PEOPLE OF THE** | ) | **ACTION NO.  01-138389-2** |
| **STATE OF CALIFORNIA,** | ) | |
| By Jordan Sanders, | ) | |
| Office of District Attorney | ) | |
| v. | ) | |
| **RICHARD TARANTINO,** | ) | |
| Defendant | ) | |
| By Lisette Rivera/Jack Funk, | ) | |
| Office of the Public Defender | ) | **MINUTE ORDER** |
| | / | |

---

**NATURE OF PROCEEDINGS:    JURY TRIAL - DAY TWO**

This matter, having been assigned to this department form Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

8:52 a.m. All parties present, including Supervising Public Defender Jack Funk, outside the presence of the prospective jurors. Court and Counsel discuss Defense Counsel Lisette Rivera's withdrawal as attorney of record.

9:35 a.m. Court is in recess and Counsel ordered to return by 9:45 a.m.

The following Exhibits are pre-marked:

> 1. Diplomatic Agent I.D. Card
> 2. Department of State Immunity Letter
> 3. Department of State Diplomacy Letter (2 pages)
> 4 DMV History
> 1A. Enlarged copy of  Diplomatic Agent I.D. Card (2 pages)

DAY TWO
PEOPLE VS. TARANTINO
CASE # 01-1383892

9:45 a.m.  All parties present, including Supervising Public Defender Jack Funk, outside the presence of the prospective jurors.  Court and Counsel discuss and make rulings on record regarding defendant, Richard Tarantino's objection to proceed with jury trial, Mandatory Judicial Notice of Motion to Dismiss, Mandatory Judicial Notice of Objection for Lack of Ratification of Commencement, Mandatory Judicial Notice of Offer of Proof, and Mandatory Judicial Notice of parameters of Judicial Immunity.

The following documents are filed in open court:

**Mandatory Judicial Notice of Motion to Dismiss For Denial of Counsel and Denial of Effective Counsel. (Filed under seal)**

**Mandatory Judicial Notice of Objection for Lack of Ratification of Commencement**

10:04 a.m.  All parties are present, including Supervising Deputy Public Defender Jack Funk and prospective jurors.  Court informs prospective jurors of Lisette Rivera's withdrawal as attorney of record and introduces Supervising Deputy Public Defender Jack Funk as defendant's new attorney of record.

10:10 a.m.  People begin jury voir dire.

10:42 a.m.  Defense Counsel begins jury voir dire.

11:13 a.m.  The Court admonishes and excuses all prospective jurors for morning break.  They are ordered to return at 11:30 a.m.

11:13 a.m.  The Court and Counsel have side bar discussions outside the presence of the court reporter and prospective jurors.

11:33 a.m.   All parties are present and the prospective jurors are present.

11:36 a.m.  Both parties pass for cause.  The People peremptorily challenge jurors #1, #5, #7 and #23. Defense Counsel peremptorily challenges jurors # 16, #3 and #18.

11:40 a.m.  The Court continues individual voir dire.

11:53 a.m.  The Court admonishes and excuses all prospective jurors except #27 for lunch break.  They are ordered to return at 1:30 p.m.

DAY TWO
PEOPLE VS. TARANTINO
CASE # 01-1383892

11:55 a.m. The Court addresses/discusses the issue of jury nullification with prospective juror #27.

12:00 pm. The Court admonishes and orders prospective Juror #27 not to discuss juror nullification. Prospective Juror #27 is excused for lunch break and ordered to return at 1:30 p.m. Counsel and Defendant are ordered to return at 1:25 p.m.

1:28 p.m. All parties present outside the presence of the prospective jurors. The People orally request the Court change Defendant's seat. The Court and Counsel have further discussions of the following documents presented by the Defendant: Mandatory Judicial Notice of Motion to Dismiss, Mandatory Judicial Notice of Objection for Lack of Ratification of Commencement, Mandatory Judicial Notice and Offer of Proof, and Mandatory Judicial Notice of parameters of Judicial Immunity and are ruled on as stated on the record.

1:35 p.m. All parties are present and prospective jurors are present. The Court continues individual jury voir dire.

1:49 p.m. The Court excuses Juror #30 for cause and resumes individual jury voir dire.

1:54 p.m. The Court excuses Juror #32 for cause and resumes individual jury voir dire.

2:03 p.m. The Court excuses Juror #39 for cause and resumes individual jury voir dire.

2:08 p.m. The People continue jury voir dire.

2:13 p.m. The Court excuses Juror #29 for cause. The People resume jury voir dire.

2:19 p.m. Defense Counsel continues jury voir dire.

2:21 p.m. Both parties pass for cause. The Defense Counsel peremptorily challenges Jurors #17, #31, #36 and #11. The People peremptorily challenge Jurors #10 and #27.

2:27 p.m. The court continues individual jury voir dire.

2:37 p.m. The Court excuses Juror #43 for cause and resumes individual jury voir dire.

2:37 p.m. The People continue with jury voir dire.

DAY TWO
PEOPLE VS. TARANTINO
CASE # 01-1383892

2:38 p.m.  Defense Counsel continues with jury voir dire.

2:40 p.m.  The Court excuses Juror #45 for cause.

2:41 p.m. Both Counsel pass for cause.  The People peremptorily challenge jurors # 4.

2:44 p.m.  Jurors #40, #2, #37, #44, #19, #6, #24, #14, #26, #34, #42 and #12 are sworn to try the cause.

2:46 p.m.  The Court addresses the role of an alternate juror.

2:49 p.m.  Both Counsel pass on peremptory challenge for the alternate juror.

2:50 p.m.  Juror #47 is sworn to try the cause as the alternate juror.

2:53 p.m.  Court gives the preliminary jury instructions.

2:58 p.m.  The Court admonishes and excuses jurors for afternoon break.  Jurors are ordered to return at 3:20 p.m.

3:22 p.m. All parties are present outside the presence of the jurors.  Court and Counsel discuss defendant's subsequent arrests/prior convictions and People's oral motion to amend complaint and are ruled on as stated on the record.

3:30 p.m.  The Jurors including Alternate Juror are present and the Court gives preliminary jury instructions.

3:38 p.m.  The Court reads the complaint.

3:41 p.m.  The People give their opening statement.

3:54 p.m.  Defense Counsel gives their opening statement.

3:59 p.m.  The People call Officer Murtazah Ghaznawi, who is sworn and testifies.

4:15 p.m.  Officer Murtazah Ghaznawi is excused and ordered to return tomorrow at 9:00 a.m.

DAY TWO
PEOPLE VS. TARANTINO
CASE # 01-1383892

4:16 p.m.  The following Exhibits marked:

      1.  Diplomatic Agent I.D. Card and
      1A Enlarged Copy of Diplomatic Agent I.D. Card (2 pages)

4:26 p.m. The Court admonishes and excuses all jurors for the evening and orders their return tomorrow at 9:00 a.m.

4:27 p.m.  All parties present outside the presence of the Jury.  Court and Counsel further discuss Mandatory Judicial Notice and Offer of Proof and Mandatory Judicial Notice of parameters of Judicial Immunity.

The following documents are filed in open court:

**Mandatory Judicial Notice and Offer of Proof; authorities regarding void judgment;**

**Mandatory Judicial Notice of parameters of Judicial Immunity are filed in open court.**

4:30 p.m. Counsel and Defendant ordered to return tomorrow at 8:40 a.m.  Court is adjourned.


**CLERK OF THE COURT**

**Janell Hunter/ Deputy Clerk**


**MINUTE ORDER**


Page 5 of 5

## SUPERIOR COURT OF CALIFORNIA
## IN AND OF THE COUNTY OF CONTRA COSTA
## WALNUT CREEK

| | |
|---|---|
| **HONORABLE HARLAN G. GROSSMAN**<br>**JUDGE OF DEPARTMENT TWENTY-SIX**<br><br>**Warren E. Rupf, Sheriff** | Date:  April 9, 2009<br>Clerk:  J. Lem/J Hunter<br>Reporter:  Bonnie Byrnes,<br>C.S.R.  6090<br>Bailiff:  J. Learn |

| | | |
|---|---|---|
| **THE PEOPLE OF THE**<br>**STATE OF CALIFORNIA,**<br>     By Jordan Sanders,<br>     Office of District Attorney<br>v.<br>**RICHARD TARANTINO,**<br>     Defendant<br>     By Jack Funk,<br>     Office of the Public Defender | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ACTION NO.  01-138389-2**<br><br><br><br><br><br><br>**MINUTE ORDER** |

**NATURE OF PROCEEDINGS:     JURY TRIAL  -  DAY THREE**

This matter, having been assigned to this department form Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

9:06 a.m.  All parties present, outside the presence of the jury.  Court and Counsel discuss Defense Counsel's objection to the People's oral motion to amend, Defense Counsel's oral motion to continue and request for Concord Police Department's dispatch log.  Motions and requests are ruled on as stated on the record.  The Court addresses the filing of defendant's Mandatory Judicial Notice and Offer of Proof, Mandatory Judicial Notice of parameters of Judicial Immunity, Mandatory Judicial Notice of Motion to Dismiss for Denial of Counsel and Mandatory Judicial Notice of Objection for Lack of Ratification.

9:17 a.m.  All parties are present including all Jurors and Alternate Juror.

9:20 a.m.  The People call Officer Murtazah Ghaznawi, who resumes testimony.

10:14 a.m.  The Court admonishes and excuses all Jurors for morning break.  They are ordered to return at 10:35 a.m.

Page 1 of 3

DAY THREE
PEOPLE VS. TARANTINO
CASE # 01-1383892

10:37 a.m. All parties are present including all Jurors and Alternate Juror. Defense Counsel cross examines Officer Murtazah Ghaznawi.

11:08 a.m. Defendant's Exhibit A, a diagram, is marked for identification.

11:39 a.m. Officer Murtazah Ghaznawi is and ordered to return at 1:30 p.m.

11:39 p.m. The Court admonishes the Jurors and directs the public not to discuss the case in the presence of the Jurors. The Court excuses all Jurors for lunch break and they are ordered to return at 1:30 p.m.

1:31 p.m. All parties are present including all Jurors and Alternate Juror. Defense Counsel resumes cross examination of Officer Murtazah Ghaznawi.

1:46 p.m. The People give redirect examination of Officer Murtazah Ghaznawi.

1:54 p.m. Defense Counsel re-cross examines Officer Murtazah Ghaznawi.

2:01 p.m. Officer Murtazah Ghaznawi is excused and is subject to recall. The People call Officer Kevin Bollinger, who is sworn and testifies.

2:55 p.m. The Court admonishes and excuses all Jurors for noon break. They are ordered to return at 3:10 p.m.

3:12 p.m. The Parties are present. The Jury and Alternate Juror are present.  The People resume direct examination of Officer Kevin Bollinger.

3:25 p.m. Defense Counsel cross examines Officer Kevin Bollinger.

4:10 p.m. The people redirect examination of Officer Kevin Bollinger.

4:15 p.m. Defense Counsel re-cross examines Officer Kevin Bollinger..

4:16 p.m. The people redirect examination of Officer Kevin Bollinger.

4:17 p.m. Defense Counsel re-cross examines Officer Kevin Bollinger.

DAY THREE
PEOPLE VS. TARANTINO
CASE # 01-1383892

4:17 p.m.  Court and Counsel have side bar discussions.

4:20 p.m.  The People redirect examination of Officer Kevin Bollinger.

4:25 p.m. Officer Kevin Bollinger is excused and is subject to recall.

4:26 p.m.  The Court admonishes and excuses all Jurors for the evening.  They are ordered to return on April 14, 2009 at 9:00 a.m.

4:26 p.m.  All parties present outside the presence of the jury.  Court and Counsel discuss further proceedings of the jury trial.

4:35 p.m.  Counsel and Defendant are ordered to return April 14, 2009 at 8:40 a.m.  Court is adjourned.


**CLERK OF THE COURT**

Janell Hunter/ Deputy Clerk


**MINUTE ORDER**

## SUPERIOR COURT OF CALIFORNIA
## IN AND OF THE COUNTY OF CONTRA COSTA
## WALNUT CREEK

**HONORABLE HARLAN G. GROSSMAN**
**JUDGE OF DEPARTMENT TWENTY-SIX**

Date: April 14, 2009
Clerk: J Hunter
Reporter: Maria Bracken,
C.S.R. 11741

**Warren E. Rupf, Sheriff**

Bailiff: J. Learn

| | | |
|---|---|---|
| **THE PEOPLE OF THE** | ) | **ACTION NO. 01-138389-2** |
| **STATE OF CALIFORNIA,** | ) | |
| By Jordan Sanders, | ) | |
| Office of District Attorney | ) | |
| v. | ) | |
| **RICHARD TARANTINO,** | ) | |
| Defendant | ) | |
| By Jack Funk, | ) | |
| Office of the Public Defender | ) | **MINUTE ORDER** |

**NATURE OF PROCEEDINGS:  JURY TRIAL - DAY FOUR**

This matter, having been assigned to this department from Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

9:10 a.m. All parties present, outside the presence of the jury. Court and Counsel discuss Defense counsel's request for discovery from the People.

Court and Counsel also discuss Juror #8 leaving a message at 1:18 a.m. with the Court advising of illness; There being no objection by Counsel, Court substitutes Alternate Juror #47 for Juror #8.

9:17 a.m. All parties are present including all Jurors (except Juror #8). The Court advises jury that Juror #8 has been excused and will be substituted with the alternate juror #47.

9:20 a.m. The People call Special Agent Jose Pacheco, who is sworn and testifies.

Page 1 of 4

9:30 a.m.  Defense Counsel cross examines Special Agent Jose Pacheco and the following exhibits are marked:

>       Exhibit B  - 2 Page Apostille
>       Exhibit C – 5 Page Apostille

9:47 a.m.  The People redirect examination of Special Agent Jose Pacheco and mark Exhibit #8 (1 page letter from Gladys Boluda).

9:48 a.m.  Court and Counsel have side bar discussions.

9:49 a.m.  The People resume redirect examination of Special Agent Jose Pacheco.

9:51 a.m.  The Court admonishes and excuses Jurors for brief  break while Court and Counsel address issues with witness Special Agent Jose Pacheco.

10:04 a.m. The Jurors are present and the People resume redirect examination of Special Agent Jose Pacheco.

10:05 a.m. Defense Counsel re-cross examines Special Agent Jose Pacheco.

10:06 a.m.  Special Agent Jose Pacheco is excused.

10:06 a.m.  The Court admonishes and excuses all jurors for morning break and orders their return at 10:25 a.m.

10:25 a.m.  All parties are present including Jurors. The People call Officer Aaron Smith, who is sworn and testifies. The following Exhibits are marked:

>       Exhibit #9   - Colored Photocopy of 2 Photographs
>       Exhibit #10 – Colored Photocopy of 2 Photographs
>       Exhibit #11 – Colored Photocopy of 2 Photographs
>       Exhibit #12 – Colored Photocopy of 2 Photographs
>       Exhibit #13 – Colored Photocopy of 2 Photographs

11:24 a.m. Defense Counsel cross examines Officer Aaron Smith and marks the following Exhibit:

>       Exhibit D - Diagram

11:54 a.m. The Court admonishes and excuses Jurors for lunch break.  Jurors and Counsel are ordered to return at 1:30 p.m.

1:30 p.m. All parties present including Jurors. Defense Counsel resumes cross examination of Officer Aaron Smith.

The following exhibits are marked:

>Exhibit E – Colored photocopy of 1 photograph
>Exhibit F – Colored photocopy of 1 photograph

1:40 p.m.  The People redirect examination of Officer Aaron Smith.

1:45 p.m.  Court and Counsel have side bar discussions.

1:46 p.m.  The People resume redirect examination of Officer Aaron Smith.

1:50 P.M.  Defense Counsel re-cross examines Officer Aaron Smith.

1:58 p.m.  The People redirect examination of Officer Aaron Smith.

2:01 p.m.  The Defense Counsel re-cross examine Officer Aaron Smith.

2:01 p.m.  Officer Aaron Smith is excused and subject to recall.  Court and Counsel have side bar discussions.

2:05 p.m.  The People rest.

2:07 p.m.  Defense Counsel calls Terry Joel, who is sworn and testifies.

>The following Exhibits are marked:

>Exhibit G - Colored photocopy of 1 photograph
>Exhibit H - Colored photocopy of 1 photograph
>Exhibit I  - Colored photocopy of 1 photograph
>Exhibit J  - Colored photocopy of  1 photograph

2:16 p.m.  The People cross examine Terry Joel.

2:22 p.m.  Terry Joel is excused.  Defense Counsel calls Mark Wilbur, who is sworn and testifies.

>The Following Exhibits are marked:

>Exhibit K  –  3 page Curriculum Vitae
>Exhibit L  –  Colored photocopy of 1 photograph
>Exhibit M –  Colored photocopy of 1 photograph

Page 3 of 4

Exhibit N – Colored photocopy of 1 photograph

2:32 p.m.  The People cross examine Mark Wilbur.

2:40 p.m.  Defense Counsel re-direct examination of Mark Wilbur.

2:40 p.m.  The people re-cross examine of Mark Wilbur.

2:44 p.m.  Mark Wilbur is excused. The Court admonishes and excuses Jurors for lunch break. Jurors and Counsel are ordered to return at 3:05 p.m.

3:06 p.m.  All parties are present including Jurors.  The Defense calls Defendant, Richard Tarantino, who is sworn and testifies

The following Exhibits are marked:

Exhibit O – Colored photocopy of 1 photograph
Exhibit P – Fiberglass sign
Exhibit Q – Colored photocopy of 2 photographs
Exhibit R – Diagram

4:20 p.m.  The Court admonishes and excuses all Jurors for the evening and orders their return tomorrow at 9:00 a.m.

4:22 p.m.  All parties present outside the presence of the Jury.  Court and Counsel discuss jury instructions and further motions.

4:40 p.m.   Counsel and Defendant are ordered to return tomorrow at 8:30 a.m.  Court is adjourned.


**CLERK OF THE COURT**                      _____

**Janell Hunter, Deputy Clerk**



**MINUTE ORDER**

# SUPERIOR COURT OF CALIFORNIA
## IN AND OF THE COUNTY OF CONTRA COSTA
### WALNUT CREEK

**HONORABLE HARLAN G. GROSSMAN**
**JUDGE OF DEPARTMENT TWENTY-SIX**

Date:  April 15, 2009
Clerk:  J Hunter
Reporter:  Maria Bracken,
C.S.R.  11741
Bailiff:  J. Learn

**Warren E. Rupf, Sheriff**

| | | |
|---|---|---|
| THE PEOPLE OF THE | ) | **ACTION NO.  01-138389-2** |
| STATE OF CALIFORNIA, | ) | |
|     By Jordan Sanders, | ) | |
|     Office of District Attorney | ) | |
| v. | ) | |
| **RICHARD TARANTINO,** | ) | |
|     Defendant | ) | |
|     By Jack Funk, | ) | |
|     Office of the Public Defender | ) | **MINUTE ORDER** |

**NATURE OF PROCEEDINGS:    JURY TRIAL - DAY FIVE**

This matter, having been assigned to this department form Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

8:37 a.m.  All parties present, outside the presence of the jury.  Court and Counsel discuss motions and jury instructions.  The following Exhibits are pre-marked:

> Exhibit S – 4 Page document regarding termination of CDL
> Exhibit T – 1 Page print out of email
> Exhibit U – 1 Page letter from Arizona State Senate

9:07 a.m.  All parties present, including all Jurors.  Defense Counsel recalls, Defendant Richard Tarantino's who resumes testimony.

9:18 a.m.  The People cross examine defendant, Richard Tarantino.

9:39 a.m.  The Court and Counsel have side bar discussions.

9:41 a.m. The People resumes cross examination of defendant, Richard Tarantino.  The

Page 1 of 3

following Exhibit is marked:

Exhibit 14 – 6 Page document (Demand for Defendant to be Booked)

10:15 a.m. The Court admonishes and excuses all Jurors for morning break. They are ordered to return at 10:35 p.m.

10:37 p.m. All parties present including Jurors are present. The People resumes cross examination of defendant, Richard Tarantino.

11:17 a.m. Court and Counsel have side bar discussions.

11:19 a.m. The People resume cross examination of defendant, Richard Tarantino.

11:25 a.m. The Defendant redirect examination defendant, Richard Tarantino.

11:26 a.m. Richard Tarantino is excused. Defense Counsel calls David Hess, who is sworn and testifies.

11:27 a.m. The People cross examine David Hess.

11:33 a.m. Defense rests subject to exhibits.

11:37 a.m. The Court admonishes and excuses all jurors for lunch break and orders their return at 2:00 p.m.

11:39 a.m. Court and Counsel discuss Defense Counsel's Motion for Mistrial; Motion to Suppress which are ruled on as stated on the record.

12:00 p.m. Court and Counsel discuss jury instructions outside the presence of the court reporter.

12:35 p.m. Court excuses Counsel and Defendant for lunch break. They are ordered to return at 1:35 p.m.

1:45 p.m. All parties present, outside the presence of the jury. Court and Counsel discuss Exhibits, and jury instructions. Defense Counsel files Motion for Entry of Judgment of Acquittal for Insufficient Evidence in open court which are ruled on as stated on the record.

2:17 pm. All parties present including Jurors. Court reads the first half of the jury instructions to they jury.

3:02 p.m. The Court admonishes and excuses all Jurors for afternoon break. They are ordered to

return at 3:20 p.m.

3:22 p.m.  The People give their closing argument.

4:12 p.m.  The Court and Counsel have side bar discussions.

4:15 p.m.  Defense Counsel gives their closing argument.

4:29 p.m.  The Court admonishes and excuses all Jurors for the evening and orders their return tomorrow at 9:00 a.m.

4:30 p.m.  All parties present outside the presence of the Jury.  Court and Counsel discuss Exhibits.

4:35 p.m.  Counsel and Defendant are ordered to return tomorrow at 9:00 a.m.  Court is adjourned.


**CLERK OF THE COURT**                    _____

                                          **Janell Hunter, Deputy Clerk**



**MINUTE ORDER**

## SUPERIOR COURT OF CALIFORNIA
## IN AND OF THE COUNTY OF CONTRA COSTA
## WALNUT CREEK

**HONORABLE HARLAN G. GROSSMAN**
**JUDGE OF DEPARTMENT TWENTY-SIX**

Date: April 16, 2009
Clerk: J Hunter/J. Lem
Reporter: Maria Bracken,
C.S.R. 11741

**Warren E. Rupf, Sheriff**

Bailiff: J. Learn

| | | |
|---|---|---|
| **THE PEOPLE OF THE** | ) | **ACTION NO. 01-138389-2** |
| **STATE OF CALIFORNIA,** | ) | |
| By Jordan Sanders, | ) | |
| Office of District Attorney | ) | |
| v. | ) | |
| **RICHARD TARANTINO,** | ) | |
| Defendant | ) | |
| By Jack Funk, | ) | |
| Office of the Public Defender | ) | **MINUTE ORDER** |
| | / | |

**NATURE OF PROCEEDINGS:   JURY TRIAL - DAY SIX**

This matter, having been assigned to this department form Master Calendar for purposes of jury trial, is called on the record before the Honorable Harlan G. Grossman.

9:39 a.m. All parties present, including all Jurors. Defense Counsel resumes their closing argument.

10:42 a.m. The Court admonishes and excuses all Jurors for morning break. They are ordered to return at 11:00 a.m.

11:02 a.m. The People give their rebuttal closing argument.

11:30 a.m. Court reads the second half of the jury instructions.

11:45 a.m. The Bailiff is sworn to take charge of the jury. The Bailiff retires the jury to the deliberation room.

Page 1 of 3

11:46 a.m.  All parties present without the presence of the jury.  Court discuss exhibits and People substituting DDA Glenn Kim for DDA Jordan Sanders after lunch and are ruled on as stated on the record.

12:01 p.m. Defense Counsel and the defendant are ordered to remain in the city of Walnut Creek and in cell phone contact with the court; Counsel and defendant are ordered to appear at 1:30

12:15 p.m. The Court admonishes and excuses all Jurors for lunch break.  They are ordered to return at 1:15 p.m.

1:58 p.m.  All parties present  including DDA Glenn Kim without the presence of the jury.  Court and Counsel have further discussions regarding Jury Instructions and Exhibits which are ruled on as stated on the record.

2:59 p.m.  The Bailiff informs the Court and Counsel that the jury has reached a verdict.

3:08 p.m.  All parties are present including the jury.  The jury foreperson, juror #11, informs the Court that the jury has reached a verdict.  Court reviews and reads the verdict as follows:

> We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of Assault on Peace Officer, a misdemeanor, to wit, a violation of Penal Code section 240/241(c), as set forth in Count One of the Complaint.

> We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of Resist, Obstruct, or Delay a Peace Officer, a misdemeanor, to wit, a violation of Penal Code section 148(a)(1), as set forth in Count Two of the Complaint.

> We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of Driving When Privilege Suspended or Revoked, a misdemeanor, to wit, a violation of Vehicle Code Section 14601.1(a) as set forth in Count Three of the Complaint.

3:07 p.m.  The verdict is recorded.  The Court admonishes and excuses jurors for noon break. They are ordered not to leave and to return upon request.

3:07 p.m.  Court and Counsel outside the presence of the jury discuss special findings of Counts One and Two.

3:38 p.m.  All parties present including jurors. Court directs jurors to make special findings of Counts One and Two. The Bailiff retires the jury to the deliberation room.

4:22 p.m.  The Bailiff informs the Court and Counsel that the jury has reached their special findings.

4:23 p.m. all parties are present.  The jury present.  The foreperson, juror #11, informs the Court that the jury is ready to submit their special findings as follows:

Please set forth below what act or acts, or omission or omissions, if any, you unanimously agreed to in reaching your verdict as to Count One.

The Defendant initiated a physical altercation in the cab of the vehicle.

The Defendant continued his willfull antagonistic behavior by advancing in an aggressive manner towards the peace officers while they were performing their duties.

The Defendant did not act in self defense.

Please set forth below what act or acts, or omission or omissions, if any, you unanimously agreed to in reaching your verdict as to Count Two.

The Defendant did not comply with the officers reasonable requests.

The special findings are recorded.  The Jurors are thanked and excused.  Court is in recess for Counsel to speak with the jurors.

The juror # 8 is notified by telephone that the jury has reached verdict on all counts.

CLERK OF THE COURT

Janell Hunter, Deputy Clerk

**MINUTE ORDER**

CALCRIM 2656

# RESISTING, OBSTRUCTING, DELAYING PEACE OFFICER

The People allege that the Defendant resisted, obstructed, or delayed Murtazah Ghaznawi and/or Aaron Smith by doing the following:

    a. Presenting a Falsified ID card bearing the title "Diplomatic Agent"

    b. Failing to present valid identification or proof of insurance and registration

    c. ~~Failing to roll down the window at the initial contact~~

    d. ~~Rolling the window up during the contact~~

    e. ~~Reaching for unknown objects during the contact~~

    f. Turning the ignition on during the contact

    g. Failing to comply with the officers' request to show his hands

You may not find the Defendant guilty unless you all agree that the People have proved that the Defendant committed at least one of the alleged acts of resisting, or obstructing, or delaying a peace officer who was lawfully performing his duties, and you all agree on which act he committed.

COURT EXHIBIT
D-26
1
01-138389-2

This document is a correct copy
of the original on file in this office.

ATTEST

FEB 21 2013

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA

Deputy Clerk