United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANDREW TARANTINO, JR., | Case No.: C-12-00579 JCS |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF CONCORD, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Richard Andrew Tarantino, Jr. ("Plaintiff") brought this action against the City of Concord, David Livingston individually and in his official capacity as the Chief of Police for the City of Concord, Murtazah Ghaznawi ("Ghaznawi") individually and in his official capacity as a police officer, Aaron Smith ("Smith") individually and in his official capacity as a police officer, Kevin Bollinger ("Bollinger") individually and in his official capacity as a police officer, and Carl Cruz ("Cruz") individually and in his official capacity as a police officer (collectively, "Defendants").[1] Plaintiff alleges (1) seven causes of action under 42 U.S.C. § 1983; (2) a cause of action under 42 U.S.C. § 1985; (3) a cause of action for intentional infliction of emotional distress; and (4) a cause of action for assault and battery. Each cause of action arises out of events that took place on February 6, 2008. Presently before the Court is Defendants' Motion for Summary Judgment or in the Alternative Partial Summary Judgment ("Motion"). The Court finds that the Motion is suitable for decision without oral argument. The hearing scheduled for on July 26, 2013 at 1:30 p.m. is vacated. As discussed below, the Motion is GRANTED.[2]

---

[1] Ghaznawi is referred to in the Complaint as Ghulam Ghaznawi. Cruz is referred to in the Complaint as Corporal Cruz.

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II.     BACKGROUND

### A.     Factual Background

Plaintiff was arrested and charged with three misdemeanors arising out of a traffic stop on February 6, 2008.  *See* Declaration of Joseph Surges in Support of Defendants' Motion for Summary Judgment ("Surges Declaration"), Ex. J.  After a jury trial, he was found guilty of each charge on April 16, 2009.  *Id.*  He was sentenced on April 28, 2009.  *Id.*  At some point, Plaintiff appealed the conviction through appointed appellate counsel.  Declaration of Plaintiff's Declaration in Support of Opposition to Defendants' Motion for Summary Judgment ("Tarantino Declaration"), ¶ 1.  The conviction was affirmed on March 9, 2010.  *Id.*  Plaintiff was incarcerated in connection with the offense from April 28, 2009 through August 12, 2009.  Declaration of Margaret Kotzebue in Support of Defendants' Motion for Summary Judgment ("Kotzebue Declaration"), Ex. G.

In connection with this civil action, Plaintiff filed a Notice of Claim against the City of Concord ("Notice of Claim") on August 5, 2008.  *Id.* at Ex. A.  The City of Concord mailed a Denial of Claim on September 10, 2008.  *Id*. at Ex. B.  In a separate incident, a City of Concord police officer executed a traffic stop on Plaintiff on or about March 24, 2009.  Tarantino Declaration, ¶ 2.  On or about June 28, 2009, Plaintiff was charged with evading a police officer in connection with that traffic stop.  *Id*. at ¶ 3.  On February 3, 2012, Plaintiff filed his Complaint in this action.  *See* Dkt. No. 1.  About three weeks later, on February 27, 2012, the charge for evading a police officer was dismissed.  Tarantino Declaration, ¶ 5.

The parties dispute the circumstances of the arrest February 6, 2008 traffic stop and arrest.  Plaintiff's account of the events is contained in the Notice of Claim.  Kotezebue Declaration, Ex. A.  There, Plaintiff states that Ghaznawi stopped him while traveling in his automobile without a warrant or probable cause although he had committed no crime.  *Id.*; *see also* Declaration of Murtazah Ghaznawi in Support of Defendants' Motion for Summary Judgment ("Ghaznawi Declaration"), ¶ 3.  After he was stopped Smith and Bollinger arrived on the scene.  Kotezebue Declaration, Ex. A; *see also* Ghaznawi Declaration, ¶ 3.  He contends that the officers rejected his legal documents and wedged them in his door jamb.  Kotezebue Declaration, Ex. A.  After Plaintiff asked the officers to call a supervisor to the scene, but before any supervisor arrived, Smith used his baton to break the

2

1    window on the driver's side of Plaintiff's vehicle.  *Id*.  Ghaznawi immediately opened the driver's

2    side door by reaching in through the broken window.  *Id*.  Once the door was open, all three officers

3    goaded Plaintiff to exit the vehicle.  *Id*.  Plaintiff reluctantly exited with the arms in the air.  *Id*.  The

4    officers told him to lie on the ground, but he was too frightened to comply.  *Id*.  As a result, Ghaznawi

5    shot Plaintiff with a taser.  *Id*.  Plaintiff fell to one knee, at which point Smith rushed up and hit

6    Plaintiff in the head with a baton.  *Id*.  Ghaznawi sent another round of voltage through the taser and

7    Plaintiff fell to the ground.  *Id*.  After Plaintiff fell to the ground, he was hit a number of times and

8    shot a third time with the taser.  *Id*.  The officers then taunted Plaintiff before realizing that Plaintiff

9    was injured and calling an ambulance.  *Id*.

10    Plaintiff was taken from the scene to a hospital.  *Id*.  While Plaintiff was in his hospital bed he

11    "overheard the police officers in the hallway, trying to get their story straight."  *Id*.  Plaintiff was then

12    read his *Miranda* rights and invoked his right to remain silent.  *Id*.  At some point thereafter, two of

13    the officers transported Plaintiff to the Concord Police Department.  *Id*.  During the ride, the officers

14    informed Plaintiff that they were going to book him at the Concord Jail and then transport him to the

15    County Jail in Martinez where he would be held before being brought before a judge for assaulting

16    police officers and resisting arrest.  *Id*.

17    Ghaznawi, Smith, and Bollinger provide a contrasting version of the events.  *See* Ghaznawi

18    Declaration, ¶¶ 3-10; Declaration of Aaron Smith in Support of Defendants' Motion for Summary

19    Judgment ("Smith Declaration"), ¶¶ 2-9; Declaration of Kevin Bollinger in Support of Defendants'

20    Motion for Summary Judgment ("Bollinger Declaration"), ¶¶ 2-6.  However, all accounts agree that

21    the only time the officers applied force to plaintiff was in removing him from his vehicle and pinning

22    him to the ground.

23    After a jury trial, the jury reached a verdict as follows:

24    We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of

25    Assault on Peace Officer, a misdemeanor, to wit, a violation of Penal Code section 240/241(c),
      as set forth in Count One of the Complaint.

26

27    We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of
      Resist, Obstruct, or Delay a Peace Officer, a misdemeanor, to wit, a violation of Penal Code

28    section 148(a)(1), as set forth in Count Two of the Complaint.

1    We, the jury in this case, find the Defendant, Richard Tarantino, **GUILTY** of the crime of

2    Driving When Privilege Suspended or Revoked, a misdemeanor, to wit, a violation of Vehicle
     Code Section 14601.1(a) as set forth in Count Three of the Complaint.

3    Defendants' Request for Judicial Notice in Support of Defendants' Motion for Summary Judgment

4    ("RJN"), Ex. I at 35.[3]

5    The instructions provided to the jury included the following instruction:

6
     The People have the burden of proving beyond a reasonable doubt that Murtazah Ghaznawi
7    and/or Aaron Smith was lawfully performing his duties as a peace officer.  If the People have
     not met this burden, you must find the defendant not guilty of 240/241(c) PC assault on a
8    peace officer and/or 148(a)(1) PC resisting, obstructing, or delaying a peace officer as charged

9    in Counts 1 and 2, respectively.

10   A peace officer is not lawfully performing his duties if he is unlawfully arresting or detaining
     someone or using unreasonable or excessive force when making or attempting to make an
11   otherwise lawful arrest or detention.

12
     …
13
     A peace officer may legally arrest someone if he has probable cause to make the arrest.  Any
14   other arrest is unlawful.

15   …

16   RJN, Ex. I at 8.

17   The jury also made the following special findings:

18   The Defendant initiated a physical altercation in the cab of the vehicle.

19
     The Defendant continued his willfull antagonistic behavior by advancing in an aggressive
20   manner towards the peace officers while they were performing their duties.

21   The Defendant did not act in self defense.

22
     …
23
     The Defendant did not comply with the officers reasonable requests.
24

25   RJN, Ex. I at 36.

26

27   _____
     [3] Defendants request judicial notice of (1) the Criminal Complaint filed in the Superior Court of California, Contra Costa
28   County, entitled *People v. Richard Tarantino*, Contra Costa Superior Court No. 138389-2; and (2) certified copies of
     verdict forms, jury instructions, and minute orders of jury trial filed in *People v. Tarantino*, Contra Costa Superior Court
     No. 138389-2.  RJN, ¶¶ 1-2.  Plaintiff does not object.  The Court takes judicial notice of the documents as public records.

4

United States District Court
Northern District of California

1    **B.      The Complaint**

2    Plaintiff alleged the following causes of action in his Complaint:

3    (1)      Violation of the Fourth Amendment of the United State Constitution Brought Pursuant

4    to 42 U.S.C. § 1983:  Defendants' violated Plaintiff's right to be free from unreasonable seizures.

5    Complaint, ¶ 53.

6    (2)      Violation of the Fourth Amendment of the United States Constitution Brought

7    Pursuant to 42 U.S.C. § 1983:  Defendants violated Plaintiff's right to be free from unlawful detention

8    when Defendant Officers detained Plaintiff without probable cause.  *Id.* at ¶ 54.

9    (3)      Violation of the Fourth Amendment of the United States Constitution Brought

10   Pursuant to 42 U.S.C. § 1983:  Defendants violated Plaintiff's right to be free from unlawful arrest

11   when Defendant Officers arrested him without probable cause.  *Id.* at ¶ 55.

12   (4)      Violation of the Fourth Amendment of the United States Constitution Brought

13   Pursuant to 42 U.S.C. § 1983:  Defendants violated Plaintiff's right to be free from excessive force

14   against him.  *Id.* at ¶ 56.

15   (5)      Deliberate Indifference to Plaintiff's Medical Care & Wellbeing in Violation of 42

16   U.S.C. § 1983:  Defendants, acting under color of state law, deprived Plaintiff of immediate necessary

17   medical care in violation of his rights under the Due Process Clause of the Fourteenth Amendment.

18   *Id.* at ¶ 57.  As a proximate result, Plaintiff suffered injuries and damages.  *Id.* at ¶ 58.

19   (6)      Conspiracy to Violate Plaintiff's Civil Rights in Violation of 42 U.S.C. § 1985:

20   Defendants Ghaznawi, Smith, and Bollinger acted in concert and conspired to violate Plaintiff's rights

21   to be free from unreasonable seizures and excessive force with "knowledge of the wrongs conspired

22   to be done and committed" and the power to prevent or aid in preventing their commission.  *Id.* at ¶¶

23   60-61.

24   (7)      Injury to Plaintiff in Violation of 42 U.S.C. § 1983:  Defendants acted under color of

25   law without justification and subjected Plaintiff to excessive force depriving Plaintiff of his

26   constitutional right to be free from unreasonable searches and seizures, to due process, to be free from

27   the use of excessive force, and to be free from interference within the zone of privacy.  *Id.* at ¶ 63.

28

(9)     Monell, 42 U.S.C. § 1983:  High ranking police supervisors approved, ratified, condoned, encouraged, sought to cover up, and tacitly authorized the continuing pattern and practice of misconduct by officers.  *Id.* at ¶ 65.  As a result of the deliberate indifference to and conscious disregard of the conduct be Defendant Officers, Plaintiff's constitutional rights were violated.  *Id.* at ¶¶ 66-68.[4]

(10)    Intentional Infliction of Emotional Distress:  Defendants' conduct was extreme, unreasonable and outrageous.  *Id.* at ¶ 70.  Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of their conduct.  *Id.* at ¶ 71.

(11)    Assault and Battery:  Defendants' conduct constituted assault and battery.  *Id.* at ¶ 73.

## C.     The Motion

Defendants move for summary judgment on the bases that (1) Plaintiff's claims are all time-barred pursuant to the relevant statutes of limitations; and (2) Plaintiff's claims for wrongful arrest and excessive force are barred as a result of Plaintiff's criminal conviction for resisting arrest.  Motion, 2.

Defendants state that Plaintiff alleges claims for false arrest, unreasonable search and seizure, false detention and arrest, excessive force, and due process violation pursuant to 42 U.S.C. § 1983.  *Id.* at 7.  Defendants also state that Plaintiff claims a civil rights violation under 42 U.S.C. § 1985.  *Id.*  Defendants note that Plaintiff has alleged two state common law causes of action, one for intentional infliction of emotional distress and one for assault and battery.  *Id.*  Defendants contend that each claim arises out of Plaintiff's arrest on February 6, 2008.  *Id.* at 8.  Defendants state that this action was filed on February 3, 2012.  *Id.*

Defendants argue that the statute of limitations applicable to Plaintiff's claims under § 1983 and § 1985 are two years.  *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 278, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (for the propositions that (1) federal courts must apply the statute of limitations and tolling statutes of the forum state to § 1983 claims; and (2) § 1983 claims are best characterized as personal injury claims, so the state's statute of limitations for personal injury actions applies); *McDougal v.*

---

[4] The Complaint does not contain an eighth cause of action.

*County of Imperial*, 942 F.2d 668, 673-75 (9th Cir. 1991) (for the proposition that § 1985 claims are also considered to be personal injury claims and are subject to the forum state's statute of limitations); Cal. Code Civ. Procedure § 335.1 (two year statute of limitations in personal injury actions)). Defendants concede that, pursuant to California Government Code § 945.3, the statute of limitations on any civil action against a police officer or the public entity employing the police officer relating to an offense for which the plaintiff faces criminal charges is tolled during the period that "the charges are pending before a superior court." *Id*. at 8-9. Defendants state that the tolling period applies to § 1983 actions. *Id*. at 9 (citing *Harned v. Landahl*, 88 F.Supp.2d 1118 (E.D. Cal. 2000)). Defendants assert that criminal charges are considered pending until the date of judgment and sentence for the purpose of the tolling statute. *Id*. (citing *Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997); *McAlpine v. Superior Court*, 209 Cal.App.3d 1, 257 Cal.Rptr. 32 (1989)). Accordingly, Defendants argue that the two-year limitations period ran from April 28, 2009, the date Plaintiff was sentenced in the underlying criminal action, and thus that Plaintiff's claims brought under §1983 and § 1985 are time-barred. *Id*. (citing Surges Declaration, Ex. J).

Turning to the common law causes of action, Defendants state that California's Tort Claims Act ("TCA") applies to all claims for money or damages. *Id*. (citing Cal. Gov't Code § 810 et seq.). Defendants assert that the TCA reaches all actions seeking monetary relief regardless of whether their basis is tort, contract, or some other theory. *Id*. at 9-10 (citing *Hart v. County of Alameda*, 76 Cal.App.4th 766, 90 Cal.Rptr.2d 386 (1999); *Baines Pickwick Ltd. v. City of Los Angeles*, 72 Cal.App.4th 298, 307, 85 Cal.Rptr.2d 74 (1999)). Thus, Defendants contend that the TCA applies to Plaintiff's claims for intentional infliction of emotional distress and assault and battery. *Id*. at 10.

Defendants assert that, pursuant to the TCA, a claim relating to a cause of action for injury to a person must be presented no later than six months after the cause of action. *Id*. (citing Cal. Gov't Code § 911.2). Defendants state that, if the claim is denied, a plaintiff must then file a lawsuit based upon the claim no later than six months after the date the notice of denial is either personally delivered or deposited in the mail. *Id*. (citing Cal. Gov't Code § 945.6). Moreover, Defendants contend that California Government Code § 945.3 expressly exempts actions filed under the TCA from its tolling effects. *Id*.

Here, Defendants contend that they received Plaintiff's Notice of Claim on August 5, 2008. *Id.* (citing Kotzebue Declaration, Ex. A).  Further, Defendants assert that the City of Concord issued a timely written denial of Plaintiff's claim by depositing it in the mail on September 10, 2008.  *Id.* (citing Kotzebue Declaration, Ex. B).  Defendants argue that Plaintiff's common law causes of action are time-barred because they were not filed by March 10, 2009.  *Id.*  Even if tolling pursuant to California Government Code § 945.3 did apply, Defendants assert that Plaintiff's Complaint would be untimely because he would have needed to file it by October 28, 2009.  *Id.*  Finally, Defendants contend that, even if the TCA were inapplicable and tolling applied, the common law claims would have needed to be filed by April 28, 2011 and are therefore untimely.  *Id.* at 10-11 (citing Cal. Code Civ. Procedure § 335.1).

Next, Defendants state that when an individual who has been convicted in a criminal court seeks damages pursuant to § 1983 in a federal lawsuit, the district court must consider whether a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence."  *Id.* at 11 (citing *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).  Defendants argue that the § 1983 case is not cognizable unless the plaintiff in the civil case can demonstrate that the criminal conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*  Here, Defendants state that the Plaintiff's conviction in this case still stands.  *Id.* at 13 (citing Kotzebue Declaration, Exs. F-G).

Defendants contend that one district court has determined, applying *Heck*, that a civil plaintiff who had been convicted of obstructing a police officer could not later bring a § 1983 action premised on an allegation that the officer used excessive force in making the arrest because the officer "cannot be engaged in the lawful performance of her duties if she is subjecting an arrestee to excessive force."  *Id.* at 11 (citing *Nuno v. County of San Bernardino*, 58 F.Supp.2d 1127 (C.D. Cal. 1999)).  Defendants argue that the present case is analogous because, as demonstrated by the jury instructions in the criminal action, the underlying criminal convictions in this case required the conclusion that the officers were lawfully performing their duties and because the jury made special findings that Plaintiff initiated the physical altercation at his arrest and did not act in self-defense.  *Id.* at 12-13 (citing RJN,

1    Ex. I).  Defendants note that in one decision, *Hooper v. County of San Diego*, 629 F.3d 1127 (9th Cir.

2    2011), the Ninth Circuit concluded that an excessive force claim could go forward even though the

3    plaintiff had pled guilty of resisting arrest where the plaintiff pled guilty based on the fact that she had

4    jerked away from the police officer when arrested but her excessive force claim was based on a later

5    event in which she was bitten by the officer's police dog.  *Id*. at 13.  Defendants contend that this case

6    is different because the jury examined the entire February 6, 2008 event in which Plaintiff was

7    arrested and determined that the officers acted reasonably.  *Id*. at 14.

8         **D.    Opposition**

9         Plaintiff argues that the statute of limitations does not bar his claim for two reasons.  Plaintiff's

10   Memorandum of Points and Authorities in Support of Opposition to Defendants' Motion for

11   Summary Judgment ("Opposition"), 4-6.  First, he argues that the tolling period under California

12   Government Code § 945.3 extended until the final determination of his appeal.  *Id*. at 5 (citing

13   *McAlpine*, 209 Cal.App.3d 1, 257 Cal.Rptr. 32; Cal. Code Civ. Procedure § 1049).  Because his

14   conviction was appealed, and the appeal was not decided until March 9, 2010, he argues that his

15   Complaint was properly filed within the two year statute of limitations.  *Id*. (citing Tarantino

16   Declaration, Ex. 1).  Plaintiff also incorporates the doctrine of equitable tolling into this section of his

17   brief.  *Id*. at 4-5.  Second, he argues that Defendants are equitably estopped from raising the statute of

18   limitations as a defense.  *Id*. at 5-6.  Plaintiff states that where the delay in commencing an action is

19   induced by the defendant's conduct the defendant cannot raise that delay as a defense.  *Id*. at 6 (citing

20   *Lantzy v. Centex Homes*, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 673, 73 P.3d 517 (2003)).  Plaintiff

21   argues that Defendant City of Concord caused his delay in filing this action because it sent a police

22   officer to execute a traffic stop on Plaintiff on or about June 28, 2009 and the action was not resolved

23   until February 27, 2012, when the charge arising out of the traffic stop was dismissed.  *Id*. (citing

24   Tarantino Declaration, ¶¶ 2-5, Exs. 2-3).  Plaintiff states that he was hesitant to commence this suit

25   until the new charge was resolved.  *Id*. (citing Tarantino Declaration, ¶ 8).

26        Next, Plaintiff addresses *Heck*.  *Id*. at 6-19.  Plaintiff begins by expounding the importance of

27   due process and articulating the moral principle that one should treat others as one would like to be

28   treated.  *Id*. at 6-11.  Having laid the foundation, Plaintiff concisely states his position that the

criminal proceedings in which he was convicted were void because he was denied a full and fair

opportunity to be heard by way of adequately prepared counsel in violation of the Sixth Amendment.

*Id*. at 14.  Plaintiff summarizes the events at the trial, wherein he asserts that his counsel was forced

by the trial judge to proceed in spite of inadequate preparation.  *Id*. at 12-13 (citing Tarantino

Declaration, ¶¶ 9-22).  Plaintiff contends, as a result, Defendant cannot rely on the void conviction as

a basis for summary judgment.  *Id*. at 14.

　　　　As a second prong to his argument, Plaintiff argues that the underlying convictions are void,

and hence *Heck* is inapplicable, because the trial judge prejudged the issues in his criminal

proceedings.  *Id*. at 14-19.  Citing to the transcript of the proceedings, Plaintiff argues that the trial

judge prejudged the credibility of the prosecution witnesses and the need to impeach state witnesses.

*Id*. at 14-15, 17 (citing Tarantino Declaration, ¶¶ 22-29, Ex. 4).  Moreover, Plaintiff takes issue with

the trial judge's refusal to consider the need for a *Pitchess* motion.  *Id*. at 18.  Once again, Plaintiff's

conclusion is that he, as a result of the judge's conduct, he was convicted without due process such

that his conviction is void.  *Id*. at 19.

### E.　　Reply

　　　　Defendants make three points concerning the statute of limitations.  First, Defendants argue

that Plaintiff's appeal of his underlying criminal conviction did not toll the statute of limitations.

Defendants' Reply in Support of Motion for Summary Judgment ("Reply"), 2-4 (citing Cal. Gov't

Code § 945.3; *McAlpine*, 209 Cal.App.3d 1, 257 Cal.Rptr. at 35, 37 (holding that criminal charges are

pending for the purposes of § 945.3 until the date of judgment and sentence)).  Second, they contend

that Plaintiff failed to address their argument that his common law claims are time barred because he

failed to comply with the TCA.  *Id*. at 4.  Third, Defendants assert that the doctrine of equitable

estoppel should not apply to their statute of limitations defense.  *Id*. at 5-7.  In support of this

assertion, they state that (1) there is no evidence that Plaintiff pursued any other legal remedies in

good faith; (2) their defense has been prejudiced by the passage of time and the fading of witnesses'

memories; and (3) there is no viable basis for excusing the delay.  *Id*. at 6-7.  To the extent that

Plaintiff relies on his June 28, 2009 traffic stop, Defendants argue that (1) evidence of the traffic stop

should not be considered because it was not included in the Complaint, discovery, or the Rule 26

United States District Court
Northern District of California

10

disclosure; and (2) that Plaintiff's statement in his brief that he waited until after the resolution of the criminal action brought as a result of the traffic stop to bring his civil lawsuit is contradicted by the fact that his Complaint in this action was filed more than three weeks before the dismissal of the criminal action.  *Id.*

Next, Defendants makes two points concerning *Heck*.  First, Defendants argue that Plaintiff's equitable estoppel argument is an attempt to re-open the criminal case after Plaintiff's appeal was denied.  *Id.* at 7-8.  Second, Defendants argue that Plaintiff's assertion that the underlying criminal conviction is void is not supported by the evidence or the law.  *Id.* at 8.  As a result of both points, Defendants contend that, Plaintiff's opportunity to challenge the conviction having passed, this civil action is barred by *Heck* because a ruling in Plaintiff's favor in this case would "necessarily imply the invalidity" of the underlying criminal conviction.  *Id.*

## III.   ANALYSIS

### A.   Legal Standard

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial."  *Id.*  "[T]he inquiry involved in ruling on a motion for summary judgment … implicates the substantive evidentiary standard of proof that would apply at the trial on the merits.  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 81 L.Ed.2d 202 (1986).  On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant.  *Id.* at 255.

//

//

//

United States District Court
Northern District of California

**B.**     *Heck v. Humphrey*

As discussed below, the Court concludes that Plaintiff's first through fourth, sixth, seventh, and ninth causes of action are barred by *Heck*.  On the other hand, the Court concludes that Plaintiff's fifth cause of action is not barred by *Heck*.

### 1.     Background Law

In *Heck*, the Supreme Court stated as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (footnotes omitted).

Following *Heck*, the Ninth Circuit recognized that " 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'  *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)."  *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting *Smith v. City of Hemet*, 384 F.3d 689, 695 (9th Cir. 2005) (en banc)).  Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence…"  *City of Hemet*, 394 F.3d at 695 (quoting *Heck*, 512 U.S. at 487, 114 S.Ct. 2364, 129 L.Ed.2d 383.  Moreover, "*Heck* applies equally to claims brought under §§ 1983, 1985 and 1986."  *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004).

In *City of Hemet*, the Ninth Circuit recognized that an allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    for the person's conviction.  *City of Hemet*, 394 F.3d at 699.  On the other hand, in *Beets*, the Ninth

2    Circuit held that the *Heck* bar applies when there is no break between the underlying criminal

3    conduct, in that case an assault, and the police response that brought that activity to an end.  *Beets*,

4    669 F.3d at 1044-45.

### 2.     Application to Facts

6         With the exception Plaintiff's cause of action for deliberate indifference to Plaintiff's medical

7    care and well-being, Plaintiff's §§ 1983 and 1985 causes of action are barred by *Heck*.  As discussed

8    below, Plaintiff's success on his barred causes of action will necessarily imply the invalidity of at

9    least one of his convictions.  Plaintiff makes no attempt to argue otherwise.  Rather, Plaintiff argues

10   for the first time in his Opposition that his underlying convictions are void because his constitutional

11   rights were violated at his trial.  Plaintiff already raised each argument he makes in his Opposition

12   attacking the validity of his conviction in his criminal appeal.  *See* Tarantino Declaration, Ex. 5.

13   Plaintiff makes no argument that he should be allowed to challenge the validity of his conviction in

14   these proceedings.  On the present record, pursuant to *Heck*, he cannot do so.[5]

15        Plaintiff was convicted of resisting arrest under California Penal Code § 148(a)(1).  Surges

16   Declaration, Ex. J.  "The legal elements of a violation of section 148, subdivision (a) are as follows:

17   the defendant (1) willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was

18   engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have

19   known that the other person was a peace officer engaged in the performance of his or her duties.

20   Defendant cannot be convicted of an offense against an officer engaged in the performance of official

---

[5] The Ninth Circuit has acknowledged that "exceptions to *Heck*'s bar for plaintiffs no longer in custody may exist." *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006).  It has refused to apply "any such exceptions" where the plaintiff's "failure to timely achieve habeas relief [was] self-imposed" because the plaintiff waited nearly three years from his arrest and incarceration before challenging them.  *Id.* at 705.  On the other hand, in *Nonnette v. Small*, the Ninth Circuit allowed a former prisoner to challenge the loss of good time credits in light of "the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence." *Id.*; *see also Nonnette v. Small*, 316 F.3d 872, 874-77 (9th Cir. 2002).  Although the holding in *Nonnette* was limited to "former prisoners challenging loss of good-time credits, revocation of parole or similar matters," at least one court in this district has read the reasoning in *Nonnette* to apply, rendering *Heck* inapplicable, where habeas relief was unavailable to a plaintiff through no fault of his own.  *See Beckway v. DeShong*, 717 F.Supp.2d 908, 916-17 (N.D. Cal. 2010); *Nonnette*, 316 F.3d at 878 n.7; *but see Guerrero*, 442 F.3d at 705 ("we emphasized that *Nonnette*'s relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction such as those Guerrero brought").  There is no indication in the record that an exception to *Heck*'s bar could apply to this case.

13

duties unless the officer was acting lawfully at the time." *People v. Simons*, 42 Cal.App.4th 1100, 1108-09, 50 Cal.Rptr.2d 351 (1996) (internal citations omitted). "Since the officer must be acting in the performance of his duty, the use of excessive force renders it impossible for an arrestee to violate section 148." *People v. Olguin*, 119 Cal.App.3d 39, 44, 173 Cal.Rptr. 663 (1981).

Plaintiff was also convicted of assaulting a police officer in violation California Penal Code §§ 240, 241(c). Surges Declaration, Ex. J. To constitute the criminal conduct proscribed by [the statutes governing assault or battery on a peace officer], the assault or battery must be on a peace officer who is "engaged in the performance of his or her duties." *People v. Delahoussaye*, 213 Cal.App.3d 1, 7, 261 Cal.Rptr. 287 (1989) (referencing a prior version of the statute in which assault on a peace officer was proscribed by California Penal Code § 241(b) as opposed to § 241(c)). "A peace officer is not 'engaged in the performance of his or her duties' within the meaning of these statutes if he arrests a person unlawfully or uses excessive force in making the arrest." *Id.*

Plaintiff's first through fourth, sixth, seventh, and ninth causes of action all depend on one or both of the following premises: (1) the February 6, 2008 arrest was unlawful; and (2) the officers used excessive force in executing the February 6, 2008 arrest.[6] Plaintiff's convictions for assaulting a peace officer and resisting arrest rely on the opposite premises: (1) the February 6, 2008 arrest was lawful; and (2) the officers did not use excessive force in executing the February 6, 2008 arrest. Accordingly, his success on any of those causes of action, brought pursuant to 42 U.S.C. §§ 1983 and 1985, would necessarily imply the invalidity of those convictions. Those causes of action are barred by *Heck*.

On the other hand, success on Plaintiff's remaining § 1983 cause of action, deliberate indifference to Plaintiff's medical care and well-being, would not necessarily imply the invalidity of his convictions. That cause of action is premised on the asserted failure of the officers to see to Plaintiff's medical needs after he was in custody. Even if they failed to properly address his medical needs, it would not affect his convictions. Accordingly, *Heck* does not bar Plaintiff's fifth cause of action.

---

[6] There is nothing in the record to indicate that the officers used any force at any time other than in executing the arrest.

United States District Court
Northern District of California

**C.      Statute of Limitations**

As discussed below the Court concludes that Plaintiff's state common law causes of action are barred by the statute of limitations.  Further, the Court concludes that Plaintiff's fifth cause of action, brought pursuant to 42 U.S.C. § 1983 is time-barred.  The Court does not address whether Plaintiff's remaining causes of action, all of which are barred by *Heck*, are also barred by the statute of limitations.

**1.      Applicable Limitations Periods**

Defendants assert, and Plaintiff does not dispute, that a two-year limitations period applies to each federal cause of action whereas a six month limitations period applies to the state common law claims pursuant to the TCA.  The Court agrees.

**a.      Causes of Action Brought Pursuant to 42 U.S.C. §§ 1983, 1985**

"For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citation omitted); *see also Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).  California's statute of limitations for personal injury actions is two years.  Cal. Code of Civ. Procedure § 335.1.  Moreover, the Ninth Circuit has held that actions under § 1985 are "best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983."  *McDougal*, 942 F.3d at 673-74.

Here, each of Plaintiff's federal causes of action are brought under either § 1983 or § 1985.  Accordingly, the two-year limitations period applies.

**b.      State Common Law Causes of Action**

The TCA provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented … until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board…."  Cal. Gov't Code § 945.4.  California Government Code § 905 requires presentation of "all claims for money or damages against local public entities," subject to exceptions not relevant here.  Lawsuits that seek monetary relief based on claims sounding in tort are lawsuits for

United States District Court
Northern District of California

15

"money or damages." *See City of Stockton v. Superior Court*, 42 Cal.4th 730, 738, 68 Cal.Rptr.3d 295, 171 P.3d 20 (2007).  Claims for personal injury must be presented within six months after accrual.  *Id.* (citing Cal. Gov't Code § 911.2).  The board must grant or deny a claim within forty-five days or it is deemed rejected.  Cal. Gov't Code § 912.4.  The mailing of a written denial notice triggers a six-month statute of limitations for filing a tort action.  *See McAlpine*, 209 Cal.App.3d at 4, 257 Cal.Rptr. 32 (citing Cal. Gov't Code § 945.6).

As to suits against public employees, California Government Code § 950.2 provides:

> Except as provided in Section 950.4,[7] a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such an injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division.[8]  This section is applicable even though the public entity is immune from liability for the injury.

Cal Gov't Code § 950.2.

Here, Plaintiff asserts state common law torts for intentional infliction of emotional distress, assault, and battery against only public entity and public employee defendants.  Each of those claims is subject to the six-month statute of limitations running from the mailing of the written denial notice, subject to the tolling periods discussed in the following sections.  *See Jiles v. City of Pittsburg*, 2012 WL 6096580, at *6-*7 (N.D. Cal. Dec. 7, 2012) (applying the TCA to causes of action for intentional infliction of emotional distress, assault, and battery); *Okoro v. City of Oakland*, 142 Cal.App.4th 306, 311, 48 Cal.Rptr.3d 260 (2006) (the six month limitations period provided by § 945.6(a)(1) applies to suits against public entities and public employees acting in the scope of their employment at the time of the incident).

### 2.    Tolling Pursuant to California Government Code § 945.3

As discussed below, the statutes of limitations on all of Plaintiff's claims were tolled during the pendency of the criminal proceedings arising out of the arrest that is the basis for this civil action.

United States District Court
Northern District of California

---

[7] Section 950.4 applies to those who do not know or have reason to know that an injury resulted from conduct by a public entity or public employee.  Cal. Gov't Code § 950.4.  It is inapplicable here.
[8] As discussed above, § 945.6 requires a Plaintiff to bring suit within six months of the mailing of the written denial notice.

California Government Code § 945.3 provides, in relevant part:

No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing the a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.

Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

For the purposes of this section, charges pending before a superior court do not include appeals….

Nothing in this section shall prohibit the filing of a claim with the board of a public entity, and this section shall not extend the time within which a claim is required to be presented pursuant to Section 911.2.

Cal. Gov't Code § 945.3.

"In California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 943.5 while criminal charges are pending." *Torres*, 108 F.3d at 226.  "Under this section, 'criminal charges are 'pending' until the date of judgment.'" *Id*. (quoting *McAlpine*, 209 Cal.App.3d at 3, 257 Cal.Rptr. 32).

The court in *McAlpine* held that the six-month post-denial statute of limitations under the TCA applied to tort claims arising out of personal injuries sustained in an arrest.  *See McAlpine*, 209 Cal.App.3d at , 257 Cal.Rptr. 32.  In that case, the plaintiff was arrested in a shooting incident on September 5, 1986.  *Id*. at 4.  A criminal complaint was filed three days later.  *Id*.  The plaintiff filed a tort claim against the city employing the peace officer the following December, well within the time provided by the statute.  *See id.*  The written denial notice was mailed on January 6, 1987, triggering the six month statute of limitations for filing a tort action against the city.  *Id*.  The court noted that the plaintiff was barred from immediately bringing the tort action by California Government Code § 945.3.  *Id*.  The plaintiff entered a nolo contendere plea on February 24, 1987.  *Id*.  He was sentenced on May 29, 1987.  *Id*. at 4-5.  He commenced tort litigation on September 8, 1987.  *Id*. at 5.  After applying principles of statutory construction, the court held that the TCA statute of limitations was

17

United States District Court
Northern District of California

1  tolled by § 945.3 until the plaintiff was sentenced.  *Id*. at 6-9.  Therefore, the court concluded that the

2  plaintiff had properly initiated his civil action before the six-month limitations period expired.  *Id*. at

3  8-9.

4          Here, following *Torres* and *McAlpine*, the statute of limitations on each of Plaintiff's causes of

5  action was tolled while the criminal charges arising out of his arrest were pending.  The officer's

6  actions and omissions during the arrest and in allegedly failing to provide Plaintiff with immediate

7  medical care while detaining him immediately following the arrest are the bases for this civil action.

8  The undisputed facts of the record make clear that the charges were pending from the date of the

9  incident, when the claim accrued, until April 28, 2009, the date Plaintiff was sentenced and judgment

10  was entered in the underlying criminal action.  *See* Surges Declaration, Ex. J; Ghaznawi Declaration,

11  ¶ 10, Ex. C;  Kotzebue Declaration, Ex. G at 5 (interrogatory number 13 and answer); Complaint, ¶¶

12  3, 43.  Accordingly, the statutes of limitations began to run following April 28, 2009.

13          Plaintiff argues that the limitations period was tolled until March 9, 2010, the date his appeal

14  of the underlying conviction was decided, pursuant to § 945.3.  Opposition, 5.  Plaintiff relies on

15  California Code of Civil Procedure § 1049, which provides that an "action is deemed to be pending

16  from the time of its commencement until its final determination upon appeal, or until the time for

17  appeal has passed, unless the judgment is sooner satisfied."  *Id*.  However, in *McAlpine*, the court

18  emphasized on the following language in § 945.3:  "[F]or the purposes of this section, charges

19  pending before a superior court do not include appeals…."  *McAlpine*, 209 Cal.App.3d at 6, 257

20  Cal.Rptr. 32 (emphasis removed).  In reaching its holding, the court relied in part on the following

21  reasoning:  "In plain language, the Legislature has limited its general definition of 'pending' by the

22  specific exclusion of the appeals period.  That leads inescapably to the conclusion that the charges are

23  pending up to and including the final appealable judgment.  In a criminal case, the judgment is not the

24  conviction but the judgment and sentence; by entry of an appealable judgment 'trial proceedings [are]

25  … deemed concluded.'"  *Id*. at 7 (citation omitted).  Adopting Plaintiff's interpretation would require

26  the Court to ignore the plain language of the statute, which excludes appeals.  The Court declines to

27  do so.

28

United States District Court
Northern District of California

### 3.      Equitable Tolling

Plaintiff appears to contend that the statute of limitations was equitably tolled because it was tolled pursuant to California Government Code § 945.3.  *See* Opposition, 4-5.  As discussed above, the statute of limitations was only tolled pursuant to § 945.3 until the entry of judgment.  It was not tolled by that section during Plaintiff's unsuccessful appeal.  Plaintiff identifies no other basis to invoke the doctrine of equitable tolling.  As explained below, the Court concludes only that the statute of limitations on Plaintiff's fifth cause of action for deliberate indifference to Plaintiff's medical care and well-being was not equitably tolled. [9]  Moreover, equitable tolling cannot save Plaintiff's state law claims.  Those claims are subject to a six-month limitations period in accordance with the TCA.  Thus, those claims would be time-barred even if the statute of limitations began to run, for the first time, at the conclusion of Plaintiff's criminal appeal on March 9, 2010.  Even if the limitations period was tolled until March 9, 2010, the time for filing a complaint lapsed over a year before Plaintiff initiated this action on February 3, 2012.

Equitable tolling is a judge-made doctrine that "operates independently of the literal wording of the Code of Civil Procedure" to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.  *Addison v. State of California*, 21 Cal.3d 313, 318-19, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).  As with rules governing the applicable statute of limitations, federal courts in California apply California's rules for equitable tolling.  *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).  The California Supreme Court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.  *Lantzy*, 31 Cal.4th at 370, 2 Cal.Rptr.3d 655, 73 P.3d 517.  However, "equitable tolling should not apply if it is inconsistent with the text of the relevant statute."  *Id*. at 371 (internal quotations and citations omitted).

"A plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors:  1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim."  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-76

---

[9] The Court does not address equitable tolling of Plaintiff's remaining §§ 1983 and 1985 causes of action because those claims are barred by *Heck*.

(9th Cir. 1993) (applying California's rules for equitable tolling). California has long refused to apply the equitable tolling doctrine to toll the limitations period on a claim for a distinct wrong that was not the basis of the earlier proceeding. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1141 (9th Cir. 2001) (citing *Aerojet General Corp. v. Superior Court*, 177 Cal.App.3d 950, 223 Cal.Rptr. 249 (1986) (workers' compensation claim for an injury did not toll statute of limitations for fraudulent concealment because it did not notify defendants of the nature or the imminence of the fraudulent concealment cause of action)).

Here, Plaintiff's Opposition can be read as arguing that the statute of limitations on all of his claims was equitably tolled by his criminal appeal. *See* Opposition, 4-5. The Court addresses only whether the statute of limitations pertaining to Plaintiff's fifth cause of action, for inadequate medical care, was equitably tolled by Plaintiff's criminal appeal. The Court concludes it was not.

First, there is no indication that Plaintiff pursued any remedy for the alleged inadequate medical care between April 28, 2009 and the date this Complaint was filed, February 3, 2012. Second, the only relief of any kind Plaintiff sought following his conviction and preceding February 3, 2012 was his appeal. The appeal asserted deficiencies in the criminal trial. It had nothing to do with the medical care provided to Plaintiff after he was arrested. *See* Tarantino Declaration, Ex. 5. Thus, any failure to provide medical care was a distinct wrong that was not the basis of the criminal appeal.

### 4.      Equitable Estoppel

Plaintiff argues that Defendants are equitably estopped from asserting the statute of limitations as a defense because they deterred him from bringing this action between approximately June 28, 2009 and the date his Complaint was filed. Opposition, 6. On or about March 24, 2009, Plaintiff was subjected to a traffic stop by the City of Concord. Tarantino Declaration, ¶ 2. On or about June 28, 2009, charges arising out of that traffic stop were filed. *Id*. at ¶ 3. Those charges were not resolved until February 27, 2012, when they were dismissed. *Id*. at ¶ 5. Plaintiff was hesitant to commence this suit until those charges were resolved. *Id*. at ¶ 8. For the reasons discussed below, the Court concludes that Defendants are not equitably estopped from raising the statute of limitations as a defense.

1       Equitable tolling and equitable estoppel are distinct doctrines. "Equitable estoppel … comes

2   into play only after the limitations period has run and addresses … the circumstances in which a party

3   may be estopped from asserting the statute of limitations as a defense to an admittedly untimely action

4   because his conduct has induced another into forbearing suit within the applicable limitations period.

5   Equitable estoppel is wholly independent of the limitations period itself and takes its life … from the

6   equitable principle that no man may profit from his own wrongdoing in a court of justice." *Lantzy*, 31

7   Cal.4th at 383, 2 Cal.Rptr.3d 655, 73 P.3d 517 (internal citations and quotations omitted). "To create

8   an equitable estoppel, it is enough if the party has been induced to refrain from using such means or

9   taking such actions as lay in his power, by which he might have retrieved his position and saved

10   himself from loss … Where the delay in commencing action is induced by the conduct of the

11   defendant it cannot be availed of by him as a defense." *Atwater Elementary School Dist. v. Cal. Dep't*

12   *of Gen. Servs.*, 41 Cal.4th 227, 232-33, 59 Cal.Rptr.3d 233, 158 P.3d 794 (2007) (internal quotations

13   and citations omitted). Bad faith or an intent to deceive is not necessary. *See Jordan v. City of*

14   *Sacramento*, 148 Cal.App.4th 1487, 1496, 56 Cal.Rptr.3d 641 (2007).

15       "It is well settled that a public entity may be estopped from asserting the limitations of the

16   claim's statute where its agents or employees have prevented or deterred the filing of a timely claim

17   by some affirmative act." *John R. v. Oakland Unified School Dist.*, 48 Cal.3d 438, 445, 256 Cal.Rptr.

18   766, 769 P.2d 948 (1989). Equitable estoppel generally may be asserted when (1) the party to be

19   estopped was apprised of the facts; (2) the party to be estopped intended that its conduct be acted

20   upon or acted in such a manner that the party asserting the estoppel had a right to believe it was so

21   intended; (3) the party asserting estoppel was ignorant of the true state of facts; and (4) the party relied

22   on the conduct to its injury. *Shuer v. County of San Diego*, 117 Cal.App.4th 476, 486, 11 Cal.RPtr.3d

23   776 (2004).

24       In addition, "estoppel may certainly be invoked where there are acts of *violence* or

25   *intimidation* that are *intended* to prevent the filing of a claim." *John R.*, 48 Cal.3d at 445, 256

26   Cal.Rptr. 766, 769 P.2d 948. For example, in *John R.* the court found that the doctrine of equitable

27   estoppel could be applied when a student failed to tell his parents about a teacher's sexual abuse

28   because the teacher threatened to retaliate if he disclosed the incidents. *Id.* at 445-46. On the other

hand, in *K.J. v. Arcadia Unified School District*, 172 Cal.App.4th 1229, 1240, 92 Cal.Rptr.3d 1 (2009), the court refused to extend the principle espoused in *John R.* where the plaintiff had not alleged any acts of violence or intimidation that were intended to deter her from presenting a tort claim.  In assessing the propriety of applying equitable estoppel, the court must assess whether any threats occurred, "when the effect of any such threats ceased, [and] whether plaintiffs acted within a reasonable time after the coercive effect of the threats had ended." *Id*. at 446.  These are questions of fact. *Id*.

Here, Plaintiff has not provided evidence sufficient to create a genuine issue of material fact as to whether equitable estoppel should apply.  First, Plaintiff has not provided any evidence that the traffic stop and subsequent charge were intended to prevent him from filing the present civil action.  Second, Plaintiff has not provided any evidence that Defendants or their agents made any explicit or implicit threat that any adverse action would be taken if Plaintiff filed this lawsuit.  Third, Plaintiff cites no authority for the proposition that the bare fact that charges are filed and outstanding could constitute a threat.  In accordance with the above, Plaintiff's failure to comply with the statute of limitations is not excused by the doctrine of equitable estoppel.

### 5.    Whether the Statute of Limitations Bars Plaintiff's Claims

Plaintiff's state common law claims and his fifth cause of action for deliberate indifference to his medical care are barred by the statute of limitations.  The Court does not address whether those causes of action that are barred by *Heck* are also time-barred.

Plaintiff's state common law claims are subject to a six month statute of limitations pursuant to the TCA.  The statute was tolled pursuant to California Government Code § 945.3 until April 28, 2009.  Six months from that date is more than two years before February 3, 2012, the date this Complaint was filed.  As discussed above, even if the statute was equitably tolled throughout the pendency of his appeal, it began to run on March 9, 2010 and expired well over a year before this action was brought.  Plaintiff's tenth and eleventh causes of action are time-barred.

Plaintiff's fifth cause of action was subject to a two-year statute of limitations.  The statute was tolled pursuant to California Government Code § 945.3 until April 28, 2009.  It ran thereafter and expired over ten months before this action was filed.  Plaintiff's fifth cause of action is time-barred.

**IV.     CONCLUSION**

       For the foregoing reasons, Defendants' Motion is GRANTED.  Judgment will be entered in favor of Defendants and against Plaintiff.  The Clerk shall close the file.

       IT IS SO ORDERED.

Dated: July 12, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge